## No. 2446.

## W. T. BURROW v. HUGO ZAPP.

1. PRACTICE—FINDING OF FACT.—If the finding of a fact by the court trying a cause without a jury is predicated upon the mere opinion of a witness, and the party against whom the fact is found fails to cross examine the witness to ascertain on what basis of facts the opinion is given, it will on appeal be deemed conclusive.

2. INDORSER.—When the maker of a note is notoriously insolvent it is not necessary to sue at the first term after the maturity of the note to bind the indorser.

3. GUARANTOR.—When one guarantees the payment of a note, delay in enforcing payment by suit will only relieve the guarantor from liability to the extent that he has suffered injury by the delay. If the payment of the note is secured by a vendor's lien on land, and the land has not depreciated in value, delay in suing to enforce collection can not relieve the guarantor.

APPEAL from Fayette. Tried below before the Hon. H. Teichmueller.

*Phelps & Lane,* for appellant: On their proposition that an indorser or guarantor of a promissory note before its maturity can not be held liable for the payment thereof unless he is notified of its dishonor or non payment at maturity, by the holder thereof or some one for him having the same protested, or by bringing suit for collection thereof to the first term of the court having jurisdiction of the matter after the cause of action accrued, or by bringing such suit to the second term of such court, showing good cause why suit was not brought at the first term of such court, cited Revised Statutes, articles 262, 273; Shepard v. Pheas, 35 Texas, 763; Douglass v. Reynolds, 7 Peters, 128; 2 Parsons on Contracts, fifth edition, pages 28, 29; Story on Promissory Notes, sections 472, 485; Burge on Sureties, section 157.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE. To secure the purchase money of a tract of land sold by appellant to Kleinick, the latter exe-- cuted to the former his three negotiable notes, each for the sum of two hundred dollars, one due January 1, 1884, another January 1, 1885, and the last January 1, 1886. A lien was expressly retained on the land, and by the terms of the notes they were, all to become due on failure to pay any one at its maturity. All the notes were transferred to the appellee by writings thereon, which were alleged to have been signed by the appellant, and in words as follows:

"Fayetteville, Texas, November 23d, 1883. For value received, I hereby transfer the within note to Hugo Zapp, and hereby guarantee payment of same." On second note: "Fayetteville, Texas, November 23d, 1883. For value received, I hereby transfer the within note to Hugo Zapp, and hereby guarantee its payment." On third note: "For value received, I hereby transfer the within note to Hugo Zapp, and guarantee its payment."

The appellant admitted the transfer of the notes, but alleged that the words constituting a guaranty were not embraced in the writings on the notes at the time he signed the transfers. The evidence on this question was conflicting, two witnesses swearing that all the words embraced in the transfer and guaranty were written as alleged, and as they appeared on the notes when offered in evidence, when signed by the appellant, while two witnesses stated to the contrary.

The cause was tried without a jury, and the judge found that the averments of the petition were true. This, under such a conflict of evidence, must be held conclusive of the fact that the averments of the petition are true; from which it follows that the appellant stood in the relation of an indorser and also as a guarantor.

This action was not brought until November 3, 1886, and the appellant sought to shield himself from liability by the fact that it was not brought to the first term after the maturity of the notes, they never having been protested. The appellee alleged that Kleinick was insolvent at the time the notes were transferred to him, and that he had so remained continuously, having no property which could be by law subjected to the payment of

the notes other than the land for which the notes were given, which by this suit is sought to be subjected to their payment.

The judge found that this was true, and in effect that the appellant had suffered no injury by the failure of the appellee sooner to bring suit to enforce the payment of the notes. The evidence on which this finding was made consists largely of the opinion of a witness, but the appellant seems not to have deemed it necessary, by a cross examination, to ascertain upon what facts the opinion was based. So standing the matter, the finding of fact can not be disturbed.

If Kleinick was notoriously insolvent, then to hold the appellant bound as an indorser it was not necessary that suit should have been brought at the first term of the court after the notes matured. (Insall v. Robson, 16 Texas, 130; Fisher v. Phelps, 21 Texas, 555; Revised Statutes, art. 1208.)

If, however, the facts had been such as to relieve the appellant from liability as an indorser, it would not follow that he would be relieved from liability as guarantor; for a failure to use such diligence as is necessary to fix the liability of an indorser does not absolutely discharge a guarantor, and he will be discharged in such case only to the extent he may have sustained loss or injury by the delay in enforcing the demand. (Arnets v. Commonwealth, 18 Gratt., 470; Volz v. Harris, 40 Ill., 159; Rhett v. Poe, 2 Howard, 484; Reynolds v. Douglass, 12 Peters, 497; Bashford v. Shaw, 4 Ohio State, 268; Bank v. Kercheval, 2 Mich, 513; Fuller v. Scott, 8 Kansas, 33; Story on Promissory Notes, 460, and cases cited in notes; Daniel on Negotiable Instruments, sections 1754, 1788.)

The evidence tends to show that there has been no depreciation in the value of the lands for which the notes were given; that the land was unimproved when bought, but now greatly improved by the erection of house, stable, lots and pens, under which about thirty-five acres of the land has been improved and put in cultivation, and we see no reason for holding that the findings of fact are not sustained by the evidence.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered March 17, 1888.