## J. H. HENDERSON ET AL. V. W. J. MOSS.
### No. 3130.

1. **Judgment Conclusive.**—A judgment in the District Court entered upon consent of the parties that the plaintiff recover the lot in controversy and vesting the title thereto in the plaintiff, but ascertaining the purchase money due and postponing the issuance of a writ of possession until the payment of the purchase money should be made, is conclusive between the parties as to the title to the land, also against purchasers with notice.

2. **Same — Arbitration to Ascertain Balance Due.**—That the judgment provided for arbitration to ascertain the balance of purchase money due did not affect the question of title.

3. **Same.**—The court had the power to ascertain the facts upon which the issuance of the writ of possession was made to depend.

4. **Payment into Court.**—The payment of purchase money (adjudged a party in a judgment) into court is a sufficient payment; it is not necessary to prove a tender to the party to whom it was adjudged, or a payment, upon showing such payment into court to entitle the vendee to his writ of possession.

5. **Proceedings Subsequent to Judgment.** —In a motion to vacate a writ of possession issued under such judgment the court would have no power to alter or set aside the judgment. Besides, an agreement by the parties that the motion be dismissed without prejudice, and that the money paid into court by the defendant be turned over to the plaintiff, followed by a judgment in accordance therewith, is a recognition of the validity of the judgment.

6. **Immaterial Testimony.** — As a tender was not material it is not grounds for reversal should incompetent testimony be admitted to prove tender. See facts.

7. **Payment of Money into Court.**—Payment of money adjudicated in a suit into court is equivalent to payment to the party to whom it was adjudicated.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD. The opinion states the case.

*H. C. Hynson* and *Tilson & Henderson*, for appellants.—1. The judgment or order upon which appellee bases his claim of title to the property in controversy was not a final judgment, and appellee is not entitled to recover under or through the same. [See opinion.] Linn v. Arambould, 55 Texas, 616; Railway v. Street Railway, 75 Texas, 83; Martin v. Crow, 28 Texas, 614; Bradford v. Taylor, 64 Texas, 169.

2. The evidence shows that subsequent proceedings and actions of the court adjudged that said judgment was not final. Linn v. Arambould, 55 Texas, 616; Railway v. Street Railway, 75 Texas, 83.

*Talbot & Turner*, for appellee.—1. The judgment upon which appellee bases his claim of title to the property in controversy was and is a final judgment, and appellee is entitled to recover under and by virtue of the same.

2. The proceedings and judgment quashing the writ of possession would not have the effect to adjudicate that the judgment rendered on the agreement of the parties was not final. If the terms of the agreement had not been complied with it only affected Moss' right to possession, and not his title to the property.

STAYTON, CHIEF JUSTICE.—Appellee brought this action to recover the lot in controversy, and bases his right to recover on the following agreement and judgment rendered by the District Court for Bowie County:

"*1769.  E. H. Moores, Jr., v. W. J. Moss*—March 17, 1881.—On this day this cause came on to be heard, and the court now here enters judgment in accordance with the following agreement, to-wit:

"'*E. H. Moores, Jr., v. W. J. Moss*—In the District Court, March Term, 1881.—It is agreed by the parties to the above suit that the same be settled upon the following terms: W. J. Moss is to recover the property in controversy, possession to be given him upon payment of the amount of purchase money, $300, and interest from the time it was to have been paid originally, less the excess of the value of the rents of the property since E. H. Moores, Jr., has had possession, over the value of the improvements put on the premises by E. H. Moores, Jr., the value of the rents to be at the rate for which the property was rented by the Knights of Honor, and the value of improvements to be determined as follows: Each party to select a man, and the two men thus selected to have the right to select a third if they can not agree, and they to fix the value of said improvements. It is

further agreed that plaintiff E. H. Moores, Jr., is to pay all costs in this suit. 'E. H. MOORES, JR.

'W. J. MOSS.'

"Wherefore it is considered, adjudged, and decreed by the court that the defendant W. J. Moss do have and recover of and from the said plaintiff E. H. Moores, Jr., and defendant E. H. Moores, Sr., the lot and premises here in controversy, to-wit, lot No. 10 in block No. 27, in the town of Texarkana, in the county of Bowie and State of Texas. And it is further decreed by the court that the title to the said lot and premises be divested out of the said E. H. Moores, Jr., and E. H. Moores, Sr., and vested in the said W. J. Moss, defendant. It is further considered and adjudged by the court that the said defendant have and recover of and from the plaintiff E. H. Moores, Jr., all his costs in this behalf expended; and it is further considered and adjudged by the court that a writ of possession be issued by the clerk of this court to put said defendant W. J. Moss in possession of said lot and premises, upon the payment of all the purchase money in accordance with the terms of the above agreement."

The title of appellants rests upon a deed made by E. H. Moores, Sr., to E. H. Moores, Jr., of date January 30, 1878, and on a deed to them made by the heirs of E. H. Moores, Sr., and E. H. Moores, Jr., conveying the lot in controversy. The deed last named bears date February 24, 1887, and the court found that appellants had full notice of the right of Moss at the time they purchased. The court further found that Moss had complied with the terms of the judgment and that it vested title in him to the lot, and it is now claimed that the judgment was not final and did not vest in Moss title to the land.

The judgment in express terms not only adjudges that "W. J. Moss do have and recover of the said plaintiff E. H. Moores, Jr., and E. H. Moores, Sr., the lot and premises here in controversy," describing it, but declares that "it is further decreed by the court that the title to the said lot and premises be divested out of the said E. H. Moores, Jr., and E. H. Moores, Sr., and vested in the said W. J. Moss, defendant," and it directs writ of possession to issue "upon payment of all the purchase money in accordance with the terms of the above agreement."

No question is made as to the jurisdiction over the subject matter or parties, nor is it even claimed that the judgment was not authorized by the agreement, and we are of opinion that it was final and vested the title to the lot in Moss. It adjudged costs against E. H. Moores, Jr., and left nothing subject to further inquiry except as to the time when writ of possession should issue.

The right to have that writ issued and executed was suspended until such purchase money as was due under the agreement was paid; and while the court had power to inquire at any time whether this had been

done, this did not affect the finality of the judgment on the question of title. What remained to be done only affected the execution through proper process of the judgment then rendered.

In actions of trespass to try title, where the value of improvements is allowed, the writ of possession is withheld for the term of one year unless the plaintiff shall sooner pay into court the sum adjudged to the defendant; but this does not in any way affect the finality of the judgment.

In this case the parties instead of asking the court to determine what sum should be paid by Moss, evidently took that matter into their own hands and agreed that arbitrators should be selected to determine the value of improvements, and agreeing that when this was done the difference between the sum thus ascertained and the rents to be ascertained in the method prescribed should be deducted from the $300 purchase money and such interest as might be due them; whereas if the balance thus ascertained to be due was paid, the writ of possession should issue. That the court would have the power to determine whether facts existed that authorized the writ of possession to issue in accordance with the judgment could not affect the finality of the decree in so far as it vested title in Moss, for so much of the decree was not conditional.

The court below, on evidence which justified it, found that Moss had paid into court such a sum as under the agreement was necessary to entitle him to the writ of possession, and that this was true is not controverted; but it is contended that the payment of the sum due under the agreement into court was not a compliance with the agreement. We think that such a payment was sufficient and proper.

It is claimed, however, that in proceedings subsequent to the judgment the court below determined that its former judgment was not final on the question of title. One of these proceedings arose on motion made by Moores to vacate a writ of possession that had been issued, on the ground that Moss had refused to carry out the agreement, but the judgment on the motion did not in any manner purport to vacate or set aside any part of the former judgment.

At the September term of the court for the year 1881 Moores filed a pleading as though the original cause was still pending and open upon all questions, in which he sought to set up matters in bar of the right of Moss to the land, and in reference to that the parties made the following agreement: "It is agreed by the parties to this suit that this cause be dismissed without prejudice to either party's rights under the judgment of arbitration heretofore provided for, and that the money on deposit with the clerk be turned over to the plaintiff."

Upon the above agreement the court entered the following judgment: "It is therefore ordered by the court that the said cause be dismissed without prejudice to either party's rights under the judgment and arbitration heretofore provided for in this court, and it is further ordered

that the money on deposit with the clerk be turned over to the plaintiff herein.''

There is nothing in this judgment indicating that the court below determined against the finality of the former judgment or in any manner attempted to set it aside; but on the contrary, the court recognized the force of that judgment and left the parties to adjust their rights under it; but the agreement shows that Moores agreed to receive the money paid into court by Moss, and the court directed it to be paid to him.   After the close of the term at which the judgment in question was rendered the court had no power to set it aside, and no facts were shown which entitled Moores to any relief against it.

It is urged that as the defendants claim under a conveyance from the heirs of deceased persons, Moss should not have been permitted to state as a witness that he tendered to Moores, Jr., the sum which he paid into court.

It is not necessary to inquire whether under the statute Moss was competent to testify to such a matter, for it was shown that the money was paid into court, and it was unimportant whether it was ever tendered to Moores.   Nor was it important to whom the money was paid, for when paid to the clerk, and under the agreement of parties ordered by the court to be paid to Moores, Moss is not responsible if the clerk paid the money to a person not entitled to receive it.

Appellants having purchased with notice of the rights of Moss, acquired no title, and the judgment must be affirmed.

*Affirmed.*

Delivered October 30, 1891.