## DANIEL v. BREWTON.

(Court of Civil Appeals of Texas. April 19, 1911.)

1. DISMISSAL AND NONSUIT (§ 25*)—VOLUNTARY DISMISSAL AS TO CODEFENDANT—SUIT AGAINST INDORSER.

One suing on notes could dismiss as to the maker and hold the indorser upon proof of the maker's insolvency.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 47–49; Dec. Dig. § 25;* Bills and Notes, Cent. Dig. §§ 1914–1917.]

2. BILLS AND NOTES (§ 489*)—SUIT AGAINST INDORSER—PETITION—SUFFICIENCY.

In a suit on notes, the pleadings sufficiently showed that defendant was an indorser where the notes copied in the petition showed that fact and his answer alleged it.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 489.*]

3. JUSTICES OF THE PEACE (§ 174*)—PLEADINGS ON APPEAL—REQUISITES.

Pleadings on appeal from justice's court need not be in writing, and oral amendments can be made.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

4. APPEAL AND ERROR (§ 1091*)—REVIEW—DECISIONS OF INTERMEDIATE COURTS—PRESUMPTIONS.

Pleadings in a case originating in justice's court will be presumed to have been sufficient to sustain judgment rendered on appeal in the county court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4302; Dec. Dig. § 1091.*]

5. BILLS AND NOTES (§ 534*) — ATTORNEY'S FEES—EVIDENCE.

In an action on notes providing for 10 per cent. attorney's fees for collection, plaintiff could show that he agreed to give his attorney such fees for his services.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1946; Dec. Dig. § 534.*]

6. PAYMENT (§§ 39, 41*)—APPLICATION.

The payee of notes could apply payments to any of the notes in the absence of application by the obligor, and, if neither applied them, the court in a suit on the notes could apply them as justice required.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 104, 115; Dec. Dig. §§ 39, 41.*]

7. BILLS AND NOTES (§ 299*)—INDORSER'S LIABILITY.

If the maker of a note is insolvent, the indorser becomes liable at once; suit to fix his liability being unnecessary.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 689; Dec. Dig. § 299.*]

Appeal from El Paso County Court, Albert S. Eylar, Judge.

Action by S. F. Brewton against R. L. Daniel. Judgment for plaintiff, and defendant appeals. Affirmed.

Atlas Jones, for appellant.

FLY, J. Appellee sued appellant in the justice's court to recover $112, and 10 per cent. attorney's fees, alleged to be due on three promissory notes, executed by C. N. Ball, payable to appellant and indorsed by him to appellee. Appellee dismissed as to Ball in the justice's court, alleging that he was notoriously insolvent and his residence unknown. Judgment was rendered against appellant for $123.20, and the cause was appealed to the county court, where judgment was rendered for appellee for $100. This suit was based on three notes for $50 each, executed by C. N. Ball, payable to appellant and indorsed by him to appellee. The first of the notes, which had been reduced by payments to $12, was due on February 1, 1910, the other two being due, respectively, on March 1st and April 1st. Suit was instituted on April 13th against the maker and indorser, more than 60 days after the first note became due, but considerably less than that time after the other notes became due.

It is provided in article 305, Revised Statutes, that, when a bill of exchange or promissory note shall be within the jurisdiction of a justice of the peace, the holder thereof may secure and fix the liability of any drawer or indorser by instituting suit against the acceptor or maker within 60 days next after the right of action shall accrue. The county court applied that rule to the $12 balance on the note which became due on February 1st, and rendered judgment only for the $100 due on the other two notes. That action eliminated all question as to the 60 days so far as appellant was concerned, and it becomes a mere abstraction in this case.

[1] If appellee had seen proper to allege the insolvency of Ball or that his residence was unknown, he could have sued appellant and recovered the entire debt from him, but appellee did not so allege, but instituted suit against maker and indorser, and afterwards alleged the insolvency of the maker, and that his residence was unknown and dismissed as to him. The liability of the indorser was fixed by the institution of the suit before the expiration of 60 days from the time that the cause of action accrued, and appellee had the authority to dismiss the suit as to the maker and pursue his remedy against the indorser upon proof of the insolvency of the maker of the note. Appellant could not possibly have been injured by the dismissal of the insolvent maker of the note. He made no objection to the dismissal in the county court, and it is too late to raise the question, even if it had been available in that court.

[2] The second assignment of error cannot be sustained because the notes copied in the petition showed that appellant was the indorser of them, and he alleged in his answer that he was an indorser of the notes. This meets any objection that the pleadings did not show that appellant was an indorser of the notes.

[3, 4] Pleadings in the county court in cases appealed from the justice's court are not required to be in writing, and oral amendments could be made in the county court. Texas & P. Ry. Co. v. Wright, 2 Willson, Civ.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Cas. Ct. App. § 339. We will presume that the pleadings in a case originating in a justice's court were sufficient to sustain the judgment.

[5] The court did not err in permitting appellee to prove that he agreed to give his attorney the fees provided for in the notes for his services in the case. The note showed that 10 per cent. attorney's fees were payable if the notes were not paid at maturity, and they were collected by an attorney or by legal proceedings, and that was sufficient upon which to base proof of the facts that an attorney was employed and legal proceedings instituted. National Bank v. Robinson (Sup.) 135 S. W. 372.

[6] The court did not err in allowing the credits on the note first due. Appellee, in the absence of an application of the payments by appellant, had the right to. apply the payments to any part of the debt, and, if neither appropriated them, the court had the authority to place them as the justice of the case demanded. Matossy v. Frosh, 9 Tex. 610; Phillips v. Herndon, 78 Tex. 378, 14 S. W. 857, 22 Am. St. Rep. 59.

[7] We are disposed to think that the allegation of insolvency was sufficient to have authorized a suit under the terms of article 1207, Rev. Stats. 1895, against appellant, as indorser, without joining the maker. If the maker was insolvent, the indorser was liable at once, and suit was not necessary to fix his liability. Insall v. Robson, 16 Tex. 128; Hanrick v. Alexander, 51 Tex. 494; Burrow v. Zapp, 69 Tex. 474, 6 S. W. 783.

Appellant has no ground for complaint whatever against the judgment of the court, which denied relief to appellee on all of the amount due by Ball that was not sued on within 60 days from the time that part of the debt became due.

The judgment is affirmed.