### SEGUIN MILLING & POWER CO. v. GUINN.

(Court of Civil Appeals of Texas. San Antonio. April 19, 1911. Rehearing Denied May 17, 1911.)

1. BILLS AND NOTES (§ 27*) — PRESENTMENT AND PROTEST—EFFECT OF DELAY.

An action on an accepted draft, brought against a drawer after more than two terms of court, has passed in the county of which the acceptor was a former resident, and after one term of court in the county in which the drawer resided, was not brought in time.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 37; Dec. Dig. § 27.*]

2. BILLS AND NOTES (§ 69*)—ACCEPTANCE—ORAL ACCEPTANCE.

A draft may be accepted orally.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 116–119; Dec. Dig. § 69.*]

3. EVIDENCE (§ 467*)—PAROL EVIDENCE AFFECTING WRITINGS—SUBSEQUENT OR ORAL AGREEMENT — DRAFT AND ACCEPTANCE THEREON.

Under the statute which provides that parol testimony is inadmissible to prove that the drawer of a draft has released the holder thereof from his obligation to use diligence to collect, plaintiff, in an action against the drawer of a draft after acceptance who has pleaded as to defendant's waiver that the suit was not before filed because defendant requested that it be not done, and that he would pay it, cannot show such waiver by parol evidence.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 467.*]

4. BILLS AND NOTES (§ 513*)—ACTION—ADMISSIBILITY OF EVIDENCE—WAIVER.

In an action against the drawer of an accepted draft, a letter from the drawer to the holder requesting an arrangement for action against the acceptor, which request was refused, is properly excluded, since it is not evidence of waiver.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 513.*]

5. BILLS AND NOTES (§ 408*)—ACTION—PRESENTMENT AND PROTEST.

In order that the holder of an accepted draft may recover thereon against the drawer without protest of the draft, it must be shown that the acceptor was a nonresident, or resided in such part of the state as not to be reached by ordinary process of law, or that his residence was unknown, and could not be ascertained by the use of reasonable diligence, and that such condition existed at the time suit should have been brought.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 408.*]

6. BILLS AND NOTES (§ 537*)—ACTION—TRIAL—QUESTION FOR JURY.

Where the testimony, in an action by the holder of an accepted draft against the drawer, was not such as would constitute proof of the necessary conditions in regard to the acceptor's residence at the proper time, it need not be submitted to the jury.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 537.*]

7. APPEAL AND ERROR (§ 742*)—BRIEFS—PROPOSITIONS OF LAW.

Where a brief contains no proposition of law under assignments of error, the assignments will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

8. APPEAL AND ERROR (§ 544*)—RECORD—BILL OF EXCEPTIONS.

In the absence of a bill of exceptions, an assignment of error will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2426; Dec. Dig. § 544.*]

Appeal from District Court, La Salle County; J. F. Mullally, Judge.

Action by Seguin Milling & Power Company against W. I. Nicholson and John P. Guinn. Dismissed as to defendant Nicholson, and judgment for defendant Guinn, and plaintiff appeals. Affirmed.

Scott & Dodson, for appellant. C. C. Thomas, for appellee.

JAMES, C. J. This action was brought originally on December 20, 1908, against W. I. Nicholson as acceptor and John P. Guinn as drawer of a draft; plaintiff alleging that Guinn resided in La Salle, and Nicholson in Bexar county, Tex. The amended petition, filed March 15, 1910, alleged that Nicholson, since the filing of the suit, had moved his residence from Texas to Oklahoma without service on him, and that he has no property in Texas within plaintiff's knowledge, subject to execution, and therefore asked to dismiss as to him. This pleading alleged: That the draft was drawn by Guinn on Nicholson in favor of plaintiff for $307.35, on March 6, 1908, and accepted by Nicholson thus: "I accept payment on April 1, 1908." That same was not paid, though promptly presented. That said Guinn has often been request-

ed to pay same, and upon each and every request the said Guinn requested further time in which to pay it, and offered plaintiff as an inducement so to do and promised to pay same within a short time after such requests for payment. That said Guinn urged plaintiff to press Nicholson for payment without filing suit thereon, which plaintiff did; the said Guinn representing to plaintiff that a suit on said draft would embarrass him in his business, and represented further that Nicholson owed him a large sum of money which he was unable to collect save and except through this draft being collected by plaintiff. That while plaintiff was endeavoring to collect the draft for the use and benefit and at the special request of Guinn, and before service could be had on Nicholson, he, the said Nicholson, removed beyond the limits of the state, and now has no property within the jurisdiction of this court. And that, had not said Guinn specially urged and requested the delay in filing the suit, the same would have been filed at the first term of this court immediately following the failure of Nicholson to pay said draft, and in so doing service could have been had on Nicholson while he was yet a resident of the state. The petition then proceeds to state a case on said draft against the defendant Guinn.

In a supplemental petition plaintiff alleged that the immediate filing of suit was not done at the request of the defendant Guinn, and that he, after the execution of the draft and the failure of Nicholson to pay same, promised plaintiff that, if suit was not brought against Guinn on said draft, he would pay said draft, which act constituted a waiver.

Plaintiff during the trial was allowed to file a trial amendment, which, amending the above pleading, alleged that, at the time of filing same, plaintiff believed it to be true that Nicholson, since the filing of this suit, moved to Oklahoma, which fact it is unable to establish by proof because the place of Nicholson's residence has at all times been exclusively and peculiarly within said Nicholson's knowledge, and since the filing of said pleading plaintiff has discovered, and now alleges, that Nicholson has at no time since 1898 (1908) been a resident of Texas, and has at all times been a resident of Oklahoma; and that now and at all times since April 1, 1908, has not had funds wherewith to pay his financial obligations, and is now, and since that time has been, insolvent, etc.

It is unnecessary to set forth the pleadings of Guinn, as the plaintiff's pleadings indicate the nature of his defense.

There was a verdict in favor of Guinn. The court's charge and judgment show a dismissal as to Nicholson, as asked.

There was no protest of the draft.

[1] There was no suit on the draft until this action was brought in La Salle county, which was after more than two terms of court has passed in Bexar county and after one term of the court in La Salle county. It is clear that the suit was not brought in time.

The court in its charge stated the pleading correctly in stating that plaintiff alleged as cause for not suing to the first term that Guinn, the drawer, requested such delay, and also that Nicholson was insolvent on and since April 1, 1908. On the issue of request, the court told the jury to find for the defendant, as there was no request in writing. On the issue of insolvency of Nicholson, they were instructed that if they believed Nicholson was insolvent at the time he accepted said draft, or when it became payable, and thereafter remained insolvent up to the time of filing of this suit in December, 1908, to find for plaintiff; otherwise for defendant. The charge on insolvency was in conformity with plaintiff's allegation.

The fifteenth assignment complains of the refusal of the court to permit plaintiff to prove a verbal promise by Guinn to pay the draft; appellant's proposition being: "Where it is alleged, proven, and undisputed that the drawer of an accepted draft has actual notice of the failure of the acceptor to pay the same, and it is alleged that the drawer promised to pay the draft in consideration of suit not being brought, such testimony should be admitted as the verbal promise to pay a bill of exchange is not within the statute of frauds and sufficient consideration is alleged."

[2] It is well settled that a draft may be accepted orally; but the application of this principle in this case is not seen.

[3] Our statute expressly provides: "Parol testimony shall be inadmissible to prove that the assignor, drawer or indorser of any of the foregoing instruments has released the holder thereof from his obligation to use diligence to collect the same." Plaintiff's pleading on the subject of waiver was that the suit was not filed at the first term because Guinn requested that it be not done; he promises to pay it. This, under the statute, could not be shown by parol testimony. As stated by the Supreme Court in Heidenheimer v. Blumenkron, 56 Tex. 314: "A ruling allowing it to be shown by parol that Hirsch was bound, although due diligence had not been exercised to bind him as indorser, would, it seems to us, contravene the statute. The weight of authority seems to be that under the system of commercial law elsewhere a parol contemporaneous waiver of the right to notice may be shown. Under our statute this cannot be done."

The case of Stone v. Smith, 30 Tex. 139, 94 Am. Dec. 299, was not the case of an indorser, and in the case of First Nat. Bank v. Bonner, 27 S. W. 699, the waiver was evidenced by writing. In this connection we may refer to McKenzie v. Harris, 2 Posey, Unrep. Cas. 180. The court, in our judgment, ruled correctly in not admitting parol testimony on the subject.

[4] The following letter from Guinn was in evidence, which was written long after the time plaintiff alleges the waiver to have taken place: "I am just in receipt of a communication from Judge J. D. Guinn stating he talked to Mr. Dodson regarding the W. I. Nicholson draft, and said Mr. Dodson would confer with you and let him know, but as yet he has not heard from him. Judge Guinn's proposition, I think, was a fair one, and was this: That you turn the draft over to him for collection, whereby he could sue Mr. Nicholson for me, thereby leaving my name out of the suit, and at the same time securing you by my giving you my personal note payable in thirty days, and with the understanding that if he collected the draft, that he would remit the money to you and if he failed I was to pay the note when due. I think you would be doing me an injustice to have my name mentioned as defendant in a lawsuit when it can be easily avoided, therefore, I ask you to do this. I beg to remain, Respectfully, Jno. P. Guinn." The request was refused by plaintiff, and it was no evidence of a waiver.

[5] It was incumbent on plaintiff to establish one of three facts in order to hold Guinn, viz.: First. That Nicholson was a nonresident of Texas, or resided in such part of Texas that he could not be reached by the ordinary process of law, or that his residence was unknown and could not be ascertained by the use of reasonable diligence, and that such condition existed at the time suit should have been brought. Mullaly v. Ivory, 30 S. W. 259. Second. That he was actually or notoriously insolvent. Third. That he waived it. We have disposed of the question of waiver.

[6] The testimony was not such as would constitute proof of the necessary conditions appertaining to Nicholson's residence, at the proper time. The burden was upon plaintiff to make such proof, and the testimony was not sufficiently definite to enable a jury to find that Nicholson was a nonresident of Texas when the action should have been brought. Consequently the court did not err in not submitting that issue.

As to insolvency: The testimony was sufficient to make the question one for the jury to pass upon. It was submitted and found against plaintiff.

What is above said requires us to overrule the assignments Nos. 15, 13, 12, 1, 11, and 14.

[7] There is in the brief no proposition of law under the second, third, sixteenth, seventeenth, and eighteenth assignments, and they are not considered.

We overrule the nineteenth assignment, complaining of argument by counsel for defendant.

The matters complained of by the fifth and tenth assignments are immaterial.

[8] The twentieth assignment is overruled; there being no bill of exception.

Judgment affirmed.