## DERRICK v. SMITH et al.

(Court of Civil Appeals of Texas. Austin. March 27, 1912. On Motion for Rehearing, June 5, 1912.)

1. BILLS AND NOTES (§ 299*)—LIABILITY OF INDORSERS — WAIVER OF PROTEST — QUESTIONS FOR COURT.

In an action on a note, begun after lapse of the first term after the right of action had accrued, where it was sought to charge an indorser, under Sayles' Ann. Civ. St. 1897, art. 304, providing that the liability of an indorser may be fixed, without protest, by instituting suit against the maker before the first term of the court to which the suit can be brought after the right of action shall accrue, or before

the second term, and showing good cause why it was not instituted before the first term, it is, in the first instance, for the court whether the pleading sets up a sufficient excuse for not instituting suit before the beginning of the first term.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 680–705; Dec. Dig. § 299.*]

2. BILLS AND NOTES (§ 299*)—LIABILITY OF INDORSERS — WAIVER OF PROTEST — QUESTIONS FOR COURT.

It is not a sufficient excuse, within Sayles' Ann. Civ. St. 1897, art. 304, for the payee to show that after the maturity of the note he began correspondence with the maker for the purpose of collecting it, and in reliance on the maker's duty to pay the note delayed suit pending negotiations for settlement.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 680–705; Dec. Dig. § 299.*]

3. BILLS AND NOTES (§ 299*)—LIABILITY OF INDORSERS — WAIVER OF PROTEST — QUESTIONS FOR COURT.

Where a payee of a note did not begin suit until after the expiration of the second term of court after maturity, the indorser cannot be charged, under Sayles' Ann. Civ. St. 1897, art. 304, providing that the liability of an indorser may be fixed, without protest, by suing the maker before the first term of court to which it can be brought after the right of action shall accrue, or before the second term, and showing good cause why it was not instituted before the first term.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 680–705; Dec.* Dig. § 299.*]

4. BILLS AND NOTES (§ 468*) — ACTIONS — PLEADINGS—SUFFICIENCY.

In an action on two notes which matured at different dates, the record not showing that the second was due at a time of suit, a petition containing a full description of the notes and giving the dates of maturity, together with a provision that at the election of the holder a failure to pay first note or interest due thereon would mature the second, and further allegations that the first note had not been paid, and that the petitioner prayed payment of both, sufficiently showed an election by the holder to declare the second note due, so as to support a recovery.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1462, 1463; Dec. Dig. § 468.*]

Error from District Court, McLennan County; Marshall Surratt, Judge.

Action by J. M. Smith against B. H. Derrick and another. There was a judgment for plaintiff, and defendant Derrick brings error. Affirmed in part, and reversed and rendered in part.

Cross, Gross and Street, for plaintiff in error. Pressler & McCrea and Clark & Clark, for defendants in error.

RICE, J. R. E. Medford, on the 18th day of June, 1909, made, executed, and delivered his two certain promissory notes for the sum of $352 each, payable to the order of B. H. Derrick on the 18th day of June, 1910, and 1911, respectively, each bearing interest at the rate of 8 per cent. per annum, and providing for the payment of 10 per cent. attorney's fees, and further providing that a failure to pay either of said notes, or interest thereon, when due, at the election of the holder, should mature either of them, both of which were secured by a vendor's lien. J. M. Smith, defendant in error, brought this suit on the 14th of September, 1910, in the Nineteenth district court of McLennan county on both of said notes against Medford, the maker, and Derrick, the indorser, alleging that the former resided in Fannin and the latter in McLennan county, and that said notes had been theretofore duly transferred and indorsed to him, and no part thereof had ever been paid, praying for judgment and foreclosure of his vendor's lien.

Derrick alone answered, urging a general and special demurrer to plaintiff's petition; the latter in effect asserting that, since it appeared from the face of the petition that he was sued as indorser, and said notes were not protested and suit was not filed on the same before the first term of the court to which said suit could have been brought, nor at the second term, showing good cause why suit was not instituted before the first term next after the right of action accrued, he was therefore entitled to judgment.

This demurrer having been sustained, plaintiff was granted leave to file, and did file, his first and second trial amendments, the substance of which was that, after the maturity of the first note, he began correspondence with Medford for the purpose of collecting same; that Medford acknowledged liability and began negotiations of settlement with plaintiff, which continued for some time, offering in compromise part payment in property, which he finally declined to accept; that during the progress of said correspondence, which lasted until the 14th of July, Derrick was informed of Medford's default and payment demanded of him; that plaintiff, in good faith, expected Medford to pay the note, for which reason suit was not sooner instituted. Plaintiff in error renewed his exceptions to said trial amendments, but the same were overruled, to which he excepted.

There was a jury trial, resulting in a verdict and judgment in favor of defendant in error against both Medford and Derrick, from which the latter alone prosecutes this writ of error, assigning error on the action of the court in refusing to sustain said exceptions.

[1-3] The first term of the McLennan county district court which convened after maturity of the first note was that of the Nineteenth district, which began on the 4th of July, 1910; and the first term of the Fannin county district court convened on the third Monday in August, 1910, the 22d of said month; and there was a term of the Fifty-Fourth district court in McLennan county, which convened on the third Mon-

day in September, 1910; but this suit was brought to the October term of the Nineteenth district court of McLennan county, which convened on the first Monday in October, 1910.

In this state the liability of an indorser on any promissory note may be fixed, without protest, by instituting suit against the maker of such note before the first term of the court to which suit can be brought after the right of action shall accrue, or by instituting suit before the second term of said court after the right of action shall accrue, and showing good cause why suit was not instituted before the first term next after the right of action accrued. Article 304, Rev. Civ. Stat.

Without undertaking to indicate what may or may not constitute good cause for failure to bring a suit to the first term of the court, as contemplated by the statute, still we believe that whether or not the pleading sets up such good cause is, in the first instance, a matter for the determination of the court, and hold that the reasons set forth on the part of plaintiff in this case did not constitute good cause; and even if the suit had, in this instance, been brought to the second term the reasons stated would clearly have been insufficient. But, in addition to this, it appears that three terms of court elapsed after maturity of the note before suit was in fact brought against the maker, for both of which reasons we think the court erred in failing to sustain defendant's exceptions. Seguin Mill & Power Co. v. Guinn, 137 S. W. 456. In Elliott v. Wiggins, 16 Tex. 596, in passing upon this statute, it was held that, since the same dispensed with the ordinary method by protest and notice, and allowed the fixing of liability against an indorser by suit against the maker, the statute must be strictly complied with; and if the suit was not brought to the first term the reasons for so omitting to commence the suit before the second term should be both alleged and proven. We therefore hold that the court erred in overruling said exception and rendering judgment in favor of plaintiff upon said first note.

[4] However, plaintiff in error contends in his sixth assignment that the court likewise erred in rendering judgment for plaintiff against him for the principal, interest, and attorney's fees called for in the second note described in plaintiff's petition, because said petition did not show said second note to be due, asserting by his proposition thereunder that an agreement in a series of notes for maturity of all, at election of holder, upon failure to pay one, does not ipso facto mature all upon such failure. But defendant in error insists that, where a condition precedent is made to appear on the face of the pleadings, such as in the present case, the filing of same is prima facie evidence of the election. The petition with reference

to this matter alleged a full description of the note, giving dates and maturity, and then recited the following provisions: "It being provided that a failure to pay any of the aforesaid notes, or interest thereon, when due, shall, at the election of the holder of any of them, mature the notes herein described, as aforesaid. Your petitioner further shows that on or about the 14th day of August, 1909, the said Derrick transferred and assigned by indorsement to your petitioner, for a valuable consideration, the notes herein described. Wherefore petitioner shows that one of the notes, as aforesaid, fell due on the 18th day of June, 1910, and that the said defendants, although so indebted to your petitioner, have not paid said notes or any part thereof."

We are inclined to believe that the allegations above mentioned, together with the filing of the petition, in the absence of a special exception, were sufficient to show an election on the part of plaintiff, whereby the second note became due and payable at the time suit was filed, for which reason this assignment will be overruled. See Luzenburg et al. v. Bexar Building & Loan Ass'n, 9 Tex. Civ. App. 261, 29 S. W. 237.

Believing, however, that the court erred, as heretofore indicated, in rendering judgment against plaintiff in error on the first note, said judgment is in this respect reversed and rendered in behalf of plaintiff; but in all other respects the same is affirmed.

Affirmed in part, and reversed and rendered in part.

### On Motion for Rehearing.

Plaintiff in error has filed a motion for rehearing, insisting that the court erred in rendering judgment against him on the second note, because it appeared that the same was not due at the time suit was filed thereon. It will be recalled that the suit was instituted on two notes, each of which contained clauses to the effect that failure to pay either of said notes, or the interest thereon, when due, would mature the entire indebtedness at the election of the holder thereof. We think the allegations in the original petition, which are set out in the original opinion, relative to this contention, together with the allegations contained in the first and second trial amendments filed by defendant in error, Smith, are sufficient to show such election. It appears from said amendments that, upon failure to pay the first note both notes were sent to the bank for collection, with instructions on the part of Smith, defendant in error, to demand payment of the entire amount, on the ground that the first note had not been paid.

We think these allegations, together with the prayer in the petition asking for judgment for the entire indebtedness sued upon, were equivalent to a declaration that the holder had elected to declare the notes due, and

that both of said notes, under the allegations above referred to, were in fact due at the time judgment was rendered thereon. See Graham v. Miller, 24 S. W. 1107; Luzenberg v. Bexar Bldg. & Loan Ass'n, 9 Tex. Civ. App. 261, 29 S. W. 237. In Graham v. Miller, supra, this court held, through Mr. Chief Justice Key, then Associate Justice, that, where the only thing necessary to the maturity of the note is the holder's election that. it should mature, an averment that he has demanded payment is, unless specially excepted to, a sufficient averment of notice that he has made the election, and that the debt is due. In the last case above cited, the San Antonio Court of Civil Appeals held, on a somewhat similar question, that the filing of the petition was, at least, prima facie evidence of such election.

The original petition having alleged facts showing that the first note was not paid at maturity, on account of which defendant in error alleged that he caused both notes to be sent to the bank for collection and caused demand to be made for payment thereof, and the failure on the part of plaintiff in error to pay either of said notes, under the circumstances, together with the prayer asking judgment for the entire indebtedness, was sufficient, in the absence of a special exception, to show that the defendant in error, Smith, had exercised his option to declare said indebtedness due at the time the suit was instituted; for which reason the motion for rehearing is overruled.

Motion overruled.