DRINKARD v. JENKINS et ux. (No. 8918.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 9, 1918. Rehearing Denied Dec. 21, 1918.)

1. JUDGMENT ☞342(1) — VACATION — TIME FOR PROCEEDINGS.

A judgment rendered by a court of competent jurisdiction and regular on its face cannot be set aside after the adjournment of the term at which it was rendered.

2. JUDGMENT ☞460(6) — VACATION—PLEADING AND PROOF.

In equitable suits to reopen judgments for new trial, the complaining party must allege and show, not only a just defense, but that he was prevented from making it by some fraud, accident, or mistake, unmixed with negligence on his part.

---

**3. JUDGMENT** ⬡⟲151—VACATION—SUFFICIENCY OF MOTION.

A motion to vacate a judgment regular on its face, supported by evidence, entered on default after appearance, made on the ground that defendant had no notice of the date of trial and that such date had not been set nor posted, was insufficient, where it did not show defects, that the case was irregularly tried, nor that counsel had been misled.

**4. JUDGMENT** ⬡⟲145(4) — VACATION OF DEFAULT—GROUNDS—SUFFICIENCY.

On motion to vacate default judgment against indorser on note, a defense that the maker and another indorser had not been joined as defendants was insufficient, where it appeared that such parties were, at the time of the suit and continuously since, wholly insolvent.

**5. BILLS AND NOTES** ⬡⟲129(2)—MATURITY—DEFAULT ON INSTALLMENTS—NECESSITY OF DECLARATION OF DEFAULT.

A note payable in installments, and providing that on default of any installment the entire debt may be declared due, does not become due by the nonpayment of an installment, in the absence of a declaration to that effect by the holder.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by J. H. Drinkard against J. J. Jenkins and wife. Judgment for plaintiff. From a judgment on a new trial for plaintiff for only part of the relief asked, and setting aside a sale under the original judgment, plaintiff appeals. Reversed, and proceedings under the new trial abated.

Dedmon, Potter & Pinney, and Ocie Speer, all of Ft. Worth, for appellant.

W. A. Tarver, of Corsicana, and W. S. Essex, Isaacs, Agerton & Isaacs, and A. W. Christian, all of Ft. Worth, for appellees.

CONNER, C. J.  J. H. Drinkard instituted this suit on October 15, 1915, against J. J. Jenkins and Essie E. Jenkins to recover on two certain promissory notes—one for the sum of $511.20, executed by J. F. Eastus, payable to the order of J. J. Jenkins, in installments. This note was given as part of the purchase money of lot 7, block 79, of the Glenwood addition to the city of Ft. Worth, and secured by a vendor's lien. It was alleged that said note had been indorsed by J. J. Jenkins, and made payable to the order of one A. M. Hudson, who thereafter, before maturity, indorsed and transferred the same in blank to the plaintiff.

The second note declared on was executed January 25, 1913, by defendants, J. J. Jenkins and Essie Jenkins, for the sum of $600, payable to the order of the Mutual Home Association, of Ft. Worth, Tex. This note likewise was payable in installments and se-

cured by a deed of trust upon said lot 7, block 79. It was alleged that the Mutual Home Association had, in due course of business, assigned the note to plaintiff. Certain credits on each of these notes were admitted, and the usual allegations of ownership, nonpayment, etc., were made.

The defendants answered by a plea in abatement, suggesting the nonjoinder of A. M. Hudson as a necessary defendant, and denying generally the allegations in plaintiff's petition.

Subsequently, on April 28, 1916, a judgment was rendered in favor of the plaintiff in accordance with the prayer of his petition. The judgment recites that the defendants had been duly cited, and had answered, but that "they came not, but wholly made default," etc., and damages were assessed in the sum of $1,331.09 against J. J. Jenkins in person, with foreclosure of the several liens mentioned on the lot.

The next step in the proceedings, as shown by the record, occurred on August 18, 1916, when J. J. Jenkins and Essie Jenkins filed, in the cause in which the judgment had been rendered, what was styled their "original motion for a new trial." This was thereafter, on October 8, 1916, amended. It is undisputed that both the original motion and the amended motion for a new trial was filed several terms after the rendition of the original judgment, and we here quote as much of the amended motion as attempts to set up an excuse for not having originally appeared and defended the action:

"Now come the defendants, J. J. Jenkins and wife, Essie Jenkins, and leave of the court having first been obtained, file this their first original amended motion for rehearing in the above numbered and entitled cause, and pray the court to set aside the judgment heretofore in this cause on, to wit, 28th day of April, A. D. 1916, and grant them a new trial for the following reasons, to wit:

"(1) Because the judgment in the case is contrary to law and not authorized by any of the pleadings filed in said cause.

"(2) Because the judgment is contrary to the evidence.

"(3) Because the judgment is a default judgment, and said judgment shows on its face that the defendants had filed in the court at the time said judgment was entered, and no default judgment could be legally rendered under the circumstances against these defendants, or either of them.

"(4) Because said case was never set down for trial by this court, and no notice of the same was ever given to this defendant or either of them.

"(5) That said case was not shown in the setting of cases of this court, nor posted in the clerk's office, and defendants had no notice of the time plaintiff would ask for judgment.

"(6) That the setting of the court shows that said case was not set for the 28th day of April, 1916, nor for any other date. In this connec-

---

⬡⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion these defendants would further show that, through their attorneys, W. S. Essex, of Ft. Worth, and W. A. Tarver, of Corsicana, Tex., the defendants used due diligence and unusual care to find out when said case was set for trial.

"(7) That the said W. S. Essex, knowing that said case was on the nonjury docket, watched the setting of nonjury cases closely from the time said suit was filed on, to wit, 15th day of October, A. D. 1915, until present time, in order that he might know that said case was set for hearing, and in order that he and his co-counsel might appear and present defendants' defense to said suit.

"(8) That said case was never set down for trial by this court, nor posted by the clerk in the setting of nonjury docket, and defendants' counsel and each of them were ignorant of the fact that judgment in said case had been rendered until the same was discovered by them on, to wit, 17th day of August, 1916."

It was further alleged on the merits that the judgment should be set aside, for the reason that J. J. Jenkins was not personally liable on the $511.20 note indorsed by him, and that several installments of interest on the same were due and unpaid at the time of the institution of the suit, and that the suit on said note had not been brought at the first term of the district court, when said note became due, nor had demand and protest for nonpayment been made, and that therefore he was released from liability as an indorser under the statutes.

It was also further complained that the said A. M. Hudson and J. F. Eastus had not been made parties defendant in the original suit and the places of residence of these parties were given. A number of other allegations are made that we deem it unnecessary to especially notice. It is sufficient to say at this time that a trial upon the motion was had on December 15, 1916, at which time the motion was granted and the previous judgment set aside. A trial thereupon proceeded, which resulted in a judgment in favor of the plaintiff, Drinkard, on both of the notes before mentioned in substantially the same amount as before, but no personal judgment was rendered against J. J. Jenkins on the $511.20 note. The judgment further set aside a sale of the property that had been made under the original judgment and deed of trust, and an adjustment made of the rents that had been collected by the plaintiff, Drinkard, and other orders made, not necessary to notice.

From the judgment last rendered the plaintiff, Drinkard, has appealed, and now urges in various forms that the court erred in granting the new trial referred to, and in setting aside the original judgment and the proceedings had thereunder.

[1, 2] We are of the opinion that appellant's complaints in these particulars must be sustained. As stated, it is conceded, or at least it is undisputed, that the motion for a new trial was not filed at the term of court during which the original judgment in appellant's favor was entered. It is well settled in this state that a judgment rendered by a court of competent jurisdiction and regular on its face cannot be set aside on a motion for a new trial after the adjournment of the term at which the judgment was rendered. See Overton v. Leon & H. Blum, 50 Tex. 417; Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100. So that, considered merely as motions for a new trial, appellees' motions were wholly insufficient to authorize a setting aside of the original judgment. Nevertheless, it is held in this state that where a party has been prevented by fraud, accident, or mistake from prosecuting his suit or making his defense, and an opportunity has not been afforded him during the term, he may bring an equitable action after its close to reopen the litigation and dispose of the case upon its merits, but such actions are not specially favored in the law. In all such cases the complaining party must distinctly allege and show, not only that he has a just defense to the action, but also that he was prevented from presenting such defense at the proper time by some fraud, accident, or mistake unmixed with negligence on his part. See Henderson v. Moss, 82 Tex. 69, 18 S. W. 555; Stratton v. Johnston, 36 Tex. 90; Harn et al. v. Phelps et al., 65 Tex. 592; Plummer v. Power et al., 29 Tex. 7; Kruegel v. Cobb et al., 58 Tex. Civ. App. 449, 124 S. W. 723.

[3] Tested by the ruling of these cases, we think appellees' motions for a new trial were wholly insufficient, even though we construe these pleadings as in effect a new suit upon equitable grounds. The motion fails to point out any defects in the judgment on its face; in fact, as shown in the record, it appears regular upon its face. Nor can it be said that the judgment was contrary to the evidence; the judgment on its face recited that the court heard the evidence, and nothing in the record before us shows what evidence was produced on the original hearing. The judgment was more than an ordinary default judgment; the defendants had answered, but "said nothing," which in effect was a confession that they had nothing to say and a waiver of any technical error, if there had been any. The motion fails to allege that the case was taken up out of its order, tried contrary to any agreement of plaintiff or his counsel, or that in any way plaintiff and his counsel had misled said defendant as to when the case would be called. Nor is it alleged that by any rule of law or court it was necessary to give the defendant further notice than the citation afforded as to when the case would be called for trial. The law directs that cases are to be tried in their order (R. S. 1911, art. 1943), and nothing in the motion for a new trial indicates that this was not done;

nor does the motion allege that by any rule of the court it was customary for a case to be set for any particular time and posted in the clerk's office. So that we think their effort to allege excuses for not having appeared before the court and presented their defenses, if any, is wholly insufficient. As illustrating this, see the following cases: First Nat. Bank of Ft. Worth v. Henwood, 183 S. W. 5; Robbie v. Upson, 153 S. W. 406; Ames Iron Works et al. v. Chinn, 20 Tex. Civ. App. 382, 49 S. W. 665; Woolley et al. v. Sullivan et al., 43 S. W. 919; Wilson v. Woodward et al., 54 S. W. 385; Adams v. First Nat. Bank et al., 52 S. W. 642.

Moreover, as will be seen from the authorities hereinbefore cited, in order to obtain a new trial upon equitable ground, the party so seeking must not only show that his failure to present his defense at the term of the court at which the judgment was rendered was not due to any negligence on his part, and was due to some fraud, accident, or mistake, or acts of the adverse party, but he must also show that, had he been permitted to do so, he could and would have presented defense, presenting good ground to suppose that a different result would be attained by a new trial.

[4] In the case before us an examination of the original answer, as well as also of the amended motion for a new trial, discloses that substantially the only material defense asserted was that Eastus, as maker, and Hudson, as indorser, had not been made parties defendant, and that the defendant J. J. Jenkins was not liable personally on the $511.20 note indorsed by him, for the reason that more than one term of court had elapsed after the maturity of the note before the suit had been instituted, without waiver of demand and protest. The record discloses that there is no substantial merit in either of these asserted defenses. The record discloses, both by allegation and uncontradicted proof on the part of plaintiff, that Eastus and Hudson were wholly insolvent, not only at the time of the suit, but continuously since that time. This fact destroys whatever of merit there might otherwise be in the defense just noted. See Insall v. Robson, 16 Tex. 130; Burrows v. Zapp, 69 Tex. 474, 6 S. W. 784; Hanrick v. Alexander, 51 Tex. 501; Daniel v. Brewton, 136 S. W. 815; First Nat. Bank v. De Morse, 26 S. W. 417; Norton v. Wochler, 31 Tex. Civ. App. 522, 72 S. W. 1025; Costin v. Burton-Lingo Co., 57 Tex. Civ. App. 634, 123 S. W. 177.

As to their other defense the record shows that appellees are wholly mistaken in their assumption that the plaintiff failed to institute his suit at the first term of court after the maturity of the $511.20 note. It appears from the allegations of the plaintiff's original petition, and from the averments of appellee's answer, and also from the undisputed facts, that this note was payable in installments, several of which were past due, but the greater majority of which had not matured by the terms of the note, save that the note contained a provision giving an option to the owner or holder to declare the entire note and all unpaid installments due upon failure to pay any matured installment. The entire note, therefore, did not ipso facto become due on default of a payment of a few of the installments. The plaintiff had the option to declare the note due for such default, but he was not obliged to do so; it required affirmative action upon the part of the holder to effectuate this result, and there is nothing in the record to indicate that appellant, as plaintiff, exercised the option given in the note prior to the time of the original institution of his suit.

[5] Appellee's contention, therefore, that he was relieved from liability as an indorser because of the fact that the suit had not been filed at the first term of court, or at the second term of court, after the maturity of the note, with good excuse for not having filed the suit at the first term, falls to the ground. See Derrick v. Smith, 148 S. W. 1173; Sheffield v. Bank, 2 Ga. App. 221, 58 S. E. 386; 3 R. C. L. title "Bills and Notes," § 96 et seq.; 8 Corpus Juris, title "Bills and Notes," § 611 et seq.

We conclude, on the whole case, that the judgment appealed from must be reversed, and the present proceeding abated, thus leaving in full force the plaintiff's original judgment, with all proceedings thereunder.

---

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes