JAMES S. ELLIOTT AND OTHERS V. DAVID WIGGINS.

Where the parties to a promissory note, made in this State, were not alleged to be merchants, and it appeared by reference to the maturity of the note, and the time prescribed by law for holding Court in the county where the note was made (not being payable elsewhere) and the defendants resided, that the suit was commenced to the second Term of the Court after the maturity of the note, and there was no cause alleged in the petition why the suit was not commenced to the first Term, and the maker was joined as a defendant, and judgment went by default; on error the judgment was reversed as to the indorsees and affirmed as to the maker.

Error from Cass.   Heard before the Hon. W. W. Morris.

The note was dated at Jefferson, Texas, July 27th, 1854, due one day after date.   The suit was commenced February 15th, 1855.   The petition alleged that all the defendants resided in Cass county when suit was commenced.   The other facts appear in the Opinion.

*T. J. & J. H. Rogers*, for plaintiffs in error.

*S. F. Moseley*, for defendant in error, suggested delay.

LIPSCOMB, J.   This suit was brought to recover the amount of a promissory note, executed by Elliott and one Hubert, payable to Thomas McAllenney or order, indorsed by McAllenney to Eason, who indorsed it to Gogue, who indorsed it to one Moseley, by whom it was indorsed to Wiggins, the defendant in error.   The suit was brought under the statute against Elliott, one of the makers,—and it is alleged in the petition that the residence of the other joint and several maker "*is not known*,"—and against the indorsers above named, with the exception of Moseley, the last indorser, who was not sued.

Elliott v. Wiggins.

The suit was not brought to the first Term of the Court, after the maturity of the note ; and no reason at all is alleged why one Term was allowed to be passed without the commencement of the suit. All of the defendants, sued, were brought into Court by service of process. McAllenney, who was the first indorser, excepted to the sufficiency of the petition, on the ground that one Term was passed, after note fell due, before suit, and no reason alleged why it was so permitted by the plaintiff to pass without suit ; whereupon the plaintiff discontinued the suit as to him, and took judgment by default against the maker and the other indorsers sued.

As the statute, under which the suit was brought, is designed to fix the mode in which the liability of indorsers should be established, different from the law merchant, dispensing with notice to them in any other way, as far as they are concerned, the requisitions of it are required to be strictly complied with ; and if suit was not brought to the first Term, the reason of so omitting to commence the suit before the second Term should be alleged and proven. (See Art. 2528, Hart. Dig.) It being material to allege the reasons for the delay in not bringing suit to the first Term, the want of such allegation can be set up to the petition by exception, and in arrest of judgment, or by writ of error ; and its omission will discharge the indorsers. But it does not follow that the maker would be discharged. The statute is not designed for his benefit. His liability required neither notice or suit to the first Term of the Court to establish it. Suit against him can be brought at any time before barred by the Statute of Limitations.

It is not deemed necessary to discuss the question how far the liability of the subsequent indorsers would be affected, in a suit like the present, where all the indorsers have been sued in the same action, by a voluntary discontinuance of the suit against the first indorser.

The conclusion we have come to is, that the judgment must

be affirmed as to Elliott, the maker, and reversed as to the indorsers.

Ordered accordingly.