REBECCA CHAMBERS, ADM'X, V. D. S. HILL.

A bill of exchange in which no time of payment is specified is payable on demand; and such a bill must be presented for payment within a reasonable time after its receipt, otherwise the drawer and indorsers thereof cannot be held liable.

What is a reasonable time for the presentation of such a bill, where there is no usage of trade, depends upon all the circumstances of each particular case.

Where all the facts are ascertained or admitted, whether such a bill has been presented within a reasonable time is a question of law for the determination of the court; but where the facts are contested, it is a mixed question of law and fact for the decision of the jury.

See this case for a consideration of some of the authorities on this subject, and of circumstances which affect the question in particular cases.

An unexplained delay of two years and a half in the presentation of a bill of exchange which specified no time of payment, held to be unreasonable, and the drawer of the bill to be thereby discharged from liability.

APPEAL from Austin. Tried below before the Hon. James H. Bell.

The appellee instituted this suit at the Fall Term, 1854, of the District Court of Austin county, against Joseph Chambers, the appellant's intestate, upon a bill of exchange for $160, drawn by said Chambers on W. J. Hutchins, and bearing date December 18th, 1851. The draft specified no time of payment.

The defendant demurred and pleaded payment. His demurrer was overruled.

At the Fall Term, 1856, a mistrial was had, in consequence of the disagreement of the jury. The death of the defendant was suggested, and his administratrix, the appellant, appeared and became the defendant.

At the Fall Term, 1857, the cause came to trial; the court refused to instruct the jury, at the request of the defendant, that he was released by reason of the delay of two years and nine months in presenting the draft for payment; and there was verdict and judgment for the plaintiff.

---

---

*Hunt & Holland,* for the appellant.

*Frank Lipscomb,* for the appellee.

WHEELER, C. J. The material question in the case is, whether the bill was duly presented for payment. No time of payment being specified, the bill was payable on demand. (Byles on Bills, 165.) And as respects the time when presentment for payment must be made, the rule is that it must be within a reasonable time after the bill has been received, depending on distance and other circumstances; otherwise, the drawer and indorsers will be discharged. (Ib., 163; Chit. on Bills, 354, 369, 379; Story on Bills, § 325.) What is a reasonable time, when there is no determinate usage of trade, must depend upon all the circumstances of each particular case; (Ib., 231;) and when the facts have been ascertained, or are not disputed, the reasonableness of the time is a question of law; but when the facts are contested, the question of law becomes mixed with fact, and is for the decision of the jury. (Chit. on Bills, 369, 379; Byles on Bills, 163.) As respects the rule of law, Chitty says there is no better settled general rule, than that the presentment must be made within a reasonable time, which must be accommodated to other business affairs of life, and that a party is not bound in any case to present a bill or note, payable on demand, on the same day it is issued or received by him; for a man ought not to be required to neglect every other business to make so prompt a presentment. He observes that Lord Mansfield directed the jury to consider that twenty-four hours was the usual time allowed for the presentment for payment, but that the present rule does not fix such a limit; and it suffices in all cases for a party to present a bill or note, payable on demand, at any time during the hours of business on the day after he received it. If a party who has received such a bill or note does not on the next day present it, or forward it for presentment, in due time on the next day, nor transfer it, but locks it up or keeps it, he thereby forfeits all claim on the person from whom he received it. (Chit. on Bills, 380.) This is to be understood of the necessity of presentment of bills payable on de-

mand, or where no time of payment is specified, when the bill is not transferred or put in circulation, and there is no usage of trade or other circumstance to justify a longer delay. But if a bill is put in circulation, and not kept by any one holder, through whose hands it passes, an unreasonable time, it is difficult to assign any particular time in which it ought to be presented. (Ib., 381; Story on Bills, 231.) Two or three months delay in presenting a bill payable at sight, under such circumstances, has been held not unreasonable. (Jordan v. Wheeler, 20 Tex. R., 698.)

Without undertaking to ascertain a certain limit as to the time within which a bill which specifies no time of payment must be presented, it will suffice for the present case to say that it ought to be presented at as early a day as it conveniently may be, under the particular circumstances of the case, or as is consonant with the established usage in such cases. And we are aware of no usage, and certainly there are no circumstances disclosed in this case to justify a delay of more than two and a half years, and until after the drawer had settled his accounts and closed his business transactions with the drawee, the bill in the meantime having been kept in the hands of the payee. We think it must be held that the delay was for an unreasonable length of time, and that the drawer is consequently discharged from liability for the payment of the bill.

The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.