No. ——

GUS A. KAMPMANN *v.* WILLIAMS & RUSSELL.

1. **PROTEST.**—No necessity exists for protest in order to fix the liability of an indorser on an instrument which is not negotiable.
2. **DRAFTS.**—A draft payable on demand becomes due on the date of its acceptance, or as soon thereafter as demand for payment can reasonably be made, and an allegation in a suit brought to recover the amount, to the effect that the debt became due at a period long subsequent when demand for payment was made, will not have the effect of preventing it from being payable until that time.
3. **NON NEGOTIABLE INSTRUMENTS.**—Exceptions properly lie to a petition brought to the third term after a cause of action accrues on a non negotiable instrument, in favor of the assignor, drawer, or indorser, when sued by the holder, when no legal excuse for the delay is set forth in the petition.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

Appellees, plaintiffs below, alleged that, on the twenty-first day of June, 1884, one of the defendants, W. J. Prince, made his certain bill of exchange in writing, of which the following is a copy:

SAN ANTONIO, June 21st, 1884.

Mr. L. Lambert: Please pay to Gus A. Kampmann & Co. five hundred dollars, and charge the same to account of

yours truly,

W. J. PRINCE.

Which Lambert accepted in writing by the following indorsement thereon:

Accepted June 23rd, 1884.

L. H. LAMBERT.

That Kampmann & Co., indorsed and delivered the bill to plaintiffs before maturity, for value, and that they were the lawful owners and holders thereof. That the bill of exchange became due and payable on or about the fifth day of December, 1884, by the same being presented to Lambert, the acceptor, by the plaintiffs and demand for payment made by plaintiffs and refused; the petition concluding with the usual averments in like cases.

To this petition defendants, Kampmann & Co., demurred. 1. Because the said petition shows no cause of action against this defendant. 2. Because the allegations of the petition are contradictory, in this, that the bill of exchange sued on and set out in the petition was payable on presentation or demand; and plaintiffs alleged that the same matured on December 5, 1884. 3. Because it appears from said petition that suit upon the bill of exchange was not brought against the maker before the first term of the district court, after the right of action accrued. 4. Because no good cause is shown why suit was not brought against the acceptor of said bill of exchange, before the second term of court next after the right of action accrued. 5. Because it does not appear from said petition that said bill of exchange was regularly protested for non payment, and that notice of protest was given to the indorsers.

To this answer indorsers, plaintiffs, filed a supplemental petition alleging that they failed and omitted to have the bill of exchange mentioned in said original petition protested, and also failed to have suit brought on the same at either of the two terms of court immediately succeeding the time when the same became due, because one of defendants represented to these plaintiffs that the said bill was to be held by plaintiffs for collection as a favor to said defendant, and said defendant never at any time instructed plaintiffs to protest or institute suit on the same.

*Minter & Altgelt,* for appellant:   The instrument sued upon being payable generally without naming the time, was payable on demand; the cause of action accrued on demand and refusal of payment. An allegation in the pleadings that the instrument matured at a different time can not change the legal effect of such an instrument, and a special exception to such an allegation should be sustained. (Cook v. Cook, 19 Texas, 437; Angell on Limitation, section 95; Smith's Mercantile Law, 275; Rockmore v. Davenport, 14 Texas, 602; Parsons on Bills, 381; Thompson v. Ketcham, 8 Johnson, N. Y., 190; 5 American Decisions, 332; Brown v. Wiley, 20 Howard, U. S., 442.)

Appellee having failed to protest the bill or draft sued upon, and having failed to bring suit against the acceptor at the first and second term of court next after their right of action accrued, lost all recourse upon appellants. (Revised Statutes, articles 262, 273; ante, 5; Cole v. Wintercost, 12 Texas, 120;

---

---

Chambers v. Hill, 26 Texas, 472; Locke v. Hirling, 24 Texas, 311; Elliott v. Wiggins, 16 Texas, 597.)

*James Daryee Stephenson,* for appellee: The bill of exchange being one due on demand, did not mature until actual demand made or after such delay as to force presumption of presentation and dishonor—such demand can be made in a reasonable time, and what is a reasonable time is a question of law and fact. (1 Parsons on Contracts, 249; Bouv. Law Dictionary, 202, 203; Byles on Bills, 79, 210; Daniel on Negotiable Instruments, section 604; Yale v. Ward, 30 Texas, 23.)

Appellants are, as to this bill and their liability to appellees, in the position of new drawers, and may be charged by suit at any time before the bill is barred by limitation. (Byles on Bills, 146; Benj. Chal. Digest, article 217, note; Cromwell v. Hewitt, 40 New York, 491; Sweetser v. French, 2 Cush., 309; Houghton v. Ely, 26 Wisconsin, 181; Billingham v. Bryan, 10 Iowa, 317; Phinley v. Westley, 2 Bing., N. C., 249.)

Appellees were entitled to prove by parol testimony that the bill was indorsed to them for collection, and that appellants knew and were satisfied with degree of diligence used in the effort to collect the same. (1 Greenleaf's Evidence, section 303.)

MALTBIE, PRESIDING JUDGE. The appellees, Williams & Russell, brought this suit in the district court of Bexar county on the twentieth of December, 1884, on the following written instrument:

SAN ANTONIO, June 21, 1884.

Mr. L. Lambert: Please pay to Gus A. Kampmann & Co. five hundred dollars, and charge the same to account of

W. J. PRINCE.

Accepted June 23, 1884.
[Indorsed]      GUS A. KAMPMANN & Co.

The petition alleges that the plaintiffs are the owners and holders of the draft, and that it became due and payable on the fifth of December, 1884, by reason of the fact that demand for payment was made on that day. The other allegations were appropriate to the relief sought. Defendants excepted to this petition substantially for the reasons that the instrument sued on had not been protested and notice given as required by law; and also because suit was not brought to the first term of the

court after the right of action accrued, or to the second term, showing good cause for not bringing suit to the first term. Plaintiffs, in their supplemental petition, allege, by way of excuse for not using due diligence to collect the draft, that defendant Boelhauwe, of the firm of G. A. Kampmann & Co., represented to plaintiffs that the draft was to be held by plaintiffs for collection, as a favor to Boelhauwe, and that he never at any time instructed plaintiffs to protest or institute suit on it. All civil jurisdiction was, by an act of the Legislature approved February 25, 1881, taken from the county court of Bexar county and given to the district court; and for that reason it had jurisdiction of the matter in controversy. Otherwise it would not, as the amount of the debt, exclusive of interest, does not exceed the sum of five hundred dollars. An allegation of the petition that the debt became due on the fifth day of December, demand of payment having been made on that day, would not have the effect to prevent the draft from becoming payable until that time; but the undertaking, being payable on demand, it became due on the twenty-third of June, the date of acceptance, or as soon thereafter as demand for payment could reasonably have been made. (1 Daniel on Negotiable Instruments, 542, section 605; Cook v. Cook, 19 Texas, 437.) This instrument was not negotiable, and there was no necessity for protest to fix the liability of indorsers.

It is provided, however, by articles 267 and 268 of the Revised Statutes, that in order to hold the assignor of a non negotiable instrument as surety for its payment, the assignee shall use due diligence to collect the same; and parol testimony shall be inadmissible to prove that the assignor, drawer or indorser of such instrument has released the holder from his obligation to use due diligence to collect it. The diligence required under this statute is the same as that required in negotiable instruments under the law merchant. (Thompson v. Payne, 21 Texas, 625.) Suit not having been brought until the third term of the court after the cause of action accrued, and no excuse for the delay being alleged in the original petition, the exceptions to it should have been sustained; nor do the allegations of the supplemental petition, hereinbefore set out, cure the defect of the original. These allegations are inconsistent with the original petition. If the plaintiffs, as is alleged, only held the draft for collection and as an accommodation for one of the defendants, the instrument, not being

their property, while they could maintain an action against the acceptor, they could not against the indorsers.

It is further averred in the supplemental petition, "that on or about the second day of August, 1884, the plaintiffs, at the special request of defendant Boelhauwe, in order to enable said Boelhauwe to close up the business of Gus A. Kampmann & Co., credited the amount of the said bill on the account of Gus A. Kampmann & Co., being assured by Boelhauwe that he would be liable for the amount should said Lambert fail or refuse to pay said bill."

Defendants answered this supplemental petition by a general denial; and further, that they did not, in writing or otherwise, make such promise. The supplemental petition does not appear to have been intended to form the basis of a suit for the recovery of money paid out and expended at the request of Boelhauwe for his use and benefit, or for the use or benefit of the firm of Kampmann & Co., but as an excuse for appellee's failure to use diligence in the collection of the draft. We are clearly of the opinion that under the facts stated no suit can be maintained on the draft, but think the judgment should be reversed and remanded, so that appellees may have an opportunity to amend their petition if they desire. No opinion is expressed, however, whether they can maintain an action against appellant or not.

*Reversed and Remanded.*