### IRA GOOCH v. G. S. PARKER.

Delivered May 20, 1897.

**1. Parties to Writ of Error—Assignor of Policy.**

Where the assignee of a fire insurance policy recovered in one suit judgment against his assignor and the insurance company, the company was not a necessary party to a writ of error prosecuted by the assignor, the liabilities of the two defendants being distinct and several.

**2. Assignment of Non-Negotiable Instrument—Diligence Required.**

Under article 267, Revised Statutes, providing that in order for the assignee of a non-negotiable instrument to hold his assignor as surety for debt, he must use diligence to collect it of the principal debtor, the measure of diligence required is the same as that incumbent on holders of negotiable instruments suing indorsers, guarantors, and the like; that is, that suit must be brought to the first term of the court after maturity, or to the second term with good reasons shown for the delay.

**3. Pleading—Assignment of Insurance Policy.**

Allegations in an action by the assignee of a fire insurance policy against his assignor, to the effect that plaintiff took the policy relying on defendant's representations that it was a valid claim against the insurance company, and had been adjusted, and that it would be paid at the expiration of sixty days, but with no allegation that such representations were untrue, beyond the mere statement that the claim was not paid within the time represented, fail to show any liability of the assignor more comprehensive than that involved in the assignment of the policy.

ERROR from the County Court of Brazos. Tried below before Hon. V. B. HUDSON.

*Ford & Nall* and *Doremus & Henderson,* for plaintiff in error.

*J. E. Butler,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE. — Defendant in error sued the Guardian Life and Fire Assurance Company and plaintiff in error Gooch, alleging that the company had issued to Gooch its policy of insurance upon a building owned by him, insuring it against damage by fire; that the building had been burned, and that Gooch had given the notice thereof and made proofs of loss, whereby the company became liable and promised to pay the amount of such policy, which, according to the alle-

gations, became due on March 10, 1895. The petition was filed October 1, 1895.

The petition further alleged that Gooch, being indebted to plaintiff on account for more than $500, had assigned the policy to plaintiff, by indorsement thereon, in payment of $500 of such indebtedness, which was so taken and receipted for by plaintiff, and that Gooch represented that the policy was a just and valid claim against the company, and had been adjusted and recognized as such, and payment agreed upon; that proper notice and proof had been made and given by him to the company, and that the full amount of the policy would be paid within sixty days from the date of proofs; and that plaintiff, placing implicit reliance on Gooch, was induced to receive the policy and give him credit for $500. It was claimed that the company was liable upon the policy, and that Gooch was liable upon his assignment, and also because of his representations.

A general demurrer urged by Gooch was overruled, and the plaintiff recovered judgment against both defendants. This writ of error is prosecuted by Gooch alone, and he has made the plaintiff the only party to it, omitting the company.

A motion is made by Parker to dismiss because of this, but we think it should not prevail. The two defendants are not jointly concerned in the proceeding. If both are liable, their liabilities are distinct and several, and that of Gooch is secondary to that of the company. The latter is not interested in sustaining the judgment against Gooch, nor is Gooch seeking to affect, by his proceeding, the judgment as between plaintiff and the other defendant.

We are also of opinion that the general demurrer of Gooch to the cause of action asserted against them should have been sustained. The only liability shown to have been incurred by him was that of an assignor, and by article 267, Revised Statutes, it is provided, that in order for the assignee of a non-negotiable instrument to hold his assignor as surety for the debt, he must use due diligence to collect it of the principal debtor. It is held that he may sue the original obligor and the assignor at the same time; but it is also held that the measure of diligence required is the same as that incumbent on holders of negotiable instruments suing indorsers, guarantors, and the like; that is, that suit must be brought to the first term of the court after maturity, or to the second term with good reason shown for the delay. Thompson v. Payne, 21 Texas, 621; Kampman v. Williams, 70 Texas, 568.

Two terms of the court passed after maturity of the policy before this action was commenced, and no excuse is alleged. This renders the petition insufficient to support the judgment against Gooch as assignor merely. Elhott v. Wiggins, 16 Texas, 596.

As to the representations, it will be observed that there is no allegation that any of them were untrue, but on the contrary, the allegations made against the company show that most of them were true. It is

·stated that one representation was that the policy would be paid by the company at the expiration of sixty days from receipt of proofs of loss, and that it had not been paid; but, giving to this its greatest effect, no liability could arise from it more comprehensive than that involved in the assignment of the policy, that is, that the assignor would pay if the obligor did not; and in order to fix that liability, the law required diligence in suing the company.

.   The judgment against Gooch must therefore be reversed and the cause remanded, in order that plaintiff may amend, if he can do so.   Kampman v. Williams, supra.   As to the company, the judgment, of course, is undisturbed.

*Reversed and remanded.*