## CRENSHAW v. STALLINGS. (No. 1660.)

(Court of Civil Appeals of Texas. Amarillo. May 5, 1920. Rehearing Denied June 23, 1920.)

Bills and notes ⬉129(3)—Note not specifying time for payment due on demand.

Where neither a note nor the contract pursuant to which it was executed fixed a day of payment, the general rule that a promissory note in which no time is specified for payment is due on demand applied, and suit could be brought thereon after payment demanded and refused.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Suit by Mrs. P. A. Stallings against A. B. Crenshaw. From judgment for plaintiff, defendant appeals. Affirmed.

R. C. Merritt and Wallace Hughston, both of McKinney, for appellant.

Abernathy & Smith, of McKinney, for appellee.

HALL, J. September 4, 1906, appellant and appellee entered into a written contract, the material terms of which are as follows:

"(1) That the said P. A. Stallings, in consideration of the covenant of the said A. B. Crenshaw, hereinafter set forth, does by these presents demise, lease and farm let to the said A. B. Crenshaw the following described land, being about 187 acres, situated about 1½ miles southwest of Nevada, Texas, and known as the P. A. Stallings place. To have and to hold the same to the said A. B. Crenshaw during the said P. A. Stallings' natural life; and the said A. B. Crenshaw, in consideration of the leasing of the premises as above stated, covenants and agrees with the said P. A. Stallings to pay the said P. A. Stallings at Nevada, Texas, as rent for the same the sum of four hundred and no/100 hundred ($400.00) dollars per year, payable as follows: It is agreed and understood that the said A. B. Crenshaw is to pay to the said P. A. Stallings such sum, not to exceed the $400.00, at such time as the said P. A. Stallings may choose, for her actual living expenses.

"(2) It is also agreed and understood that the said A. B. Crenshaw shall, in consideration of repairing and keeping repaired at the said A. B. Crenshaw's expense, the above premises, have all rent money for his own use except that which the said P. A. Stallings shall have for her actual living expenses.

"(3) * * *

"(4) It is agreed and understood that the said P. A. Stallings and the said A. B. Crenshaw shall, on the first day of each January, have a full and complete settlement of all business transacted during the previous year unless providentially prevented.

"(5) The covenants herein shall extend to and be binding upon the heirs, executors and administrators of the parties to this contract."

Mrs. Stallings, the appellee, testified: That she was 75 years old in January. That the defendant Crenshaw was her son-in-law. That Crenshaw's wife died in April, 1918, or 1917. That she lived with Crenshaw and his wife up to the time of her daughter's death and for a short while thereafter. That she left because she was not satisfied, and it seemed that Crenshaw did not want her there. That she had nothing to do with the preparation of the contract; Crenshaw had it prepared and brought it to her to sign. When she decided not to live in the house with him and his children any longer she asked him for money to build a room for herself as an addition to her son's house so she

could live with him. That her son lived in one of the western drouth-stricken counties. She asked for $500 for that purpose, and her request was refused. That she regarded the building of this room as an addition to her son's house as necessary for her comfort and happiness. It further appeared that, in accordance with the contract, about the 1st day of January of the first year after its execution, the parties had a settlement, and Crenshaw executed to Mrs. Stallings a note for the difference between $400, the amount stipulated as the annual rent and the amount of money which had been advanced by Crenshaw to Mrs. Stallings for the previous year. Annually thereafter, it appears that this difference was added to the amount due, and a new note executed for the increased sum. This practice continued until February, 1918, when the following note was executed:

"$3,134.60                    Nevada, Texas,
                             "February 21, 1918.
"———. After date, for value received I promise to pay to Mrs. P. A. Stallings, or order, thirty-one hundred thirty-four and $^{60}/_{100}$ dollars at Nevada, Texas, to bear interest at the rate of ——— per cent. per annum from ———. And further hereby agree if this note is not paid when due to pay all costs necessary for collection, including ten per cent. for attorney's fees.
"Due in accordance with a certain contract dated September 4, 1906, and payable in accordance with the same.                  .
"[I. R. Stamps, 64 cents]     A. B. Crenshaw.
"March 14, 1918.  By cash on within note, $30,00."

This suit is filed to recover the amount of the note. The defendant, Crenshaw, in due time filed his plea in abatement, alleging that the suit was prematurely brought. The trial court rendered a judgment in favor of the plaintiff for the full amount of the note, interest at 6 per cent., and attorney's fees.

Under several assignments it is insisted that the suit was prematurely brought because the note by express provision was made payable in accordance with the terms of the contract and by the terms of the contract plaintiff's right to recover was not shown. It appears from the evidence that both the note and the contract were prepared by Crenshaw, or at his instance, and the latter presented to Mrs. Stallings for her signature; that he was custodian of both the contract and the original note, together with its several renewals. · If there is any uncertainty in their terms, they must, under these facts, be construed most strongly against the appellant. It will be seen that the note does not fix the date of its maturity, but expressly provides that it is due and payable in accordance with the contract. The contract provides in paragraph 1 that appellant shall pay appellee rent not to exceed $400 per year

at such time as the said Mrs. Stallings may choose, for her actual living expenses. The effect of paragraph 2 is that Crenshaw should be entitled to retain for his use all of the $400 rent not necessary for the actual living expenses of Mrs. Stallings. It was contemplated by the parties, as appears from the language of paragraph 4, that on the 1st day of each January, the parties should have a full and complete settlement of all business transacted during the previous year. The note sued upon is the result of these annual settlements. There is nothing in the oral testimony of the parties to indicate when final payment should be made by Crenshaw of the amount of annual rent due Mrs. Stallings over and above her living expenses. The note, itself is a promise to pay these sums, with interest and attorney's fees. Since neither the note nor the contract fix the date of payment, the general rule that a promissory note, in which no time is specified for payment, is due upon demand applies. The uncontradicted evidence shows that payment was duly demanded and refused. C. J. vol. 8, p. 405; note 69, citing Kampmann v. Williams, 70 Tex. 568, 8 S. W. 310; Chambers v. Hill, 26 Tex. 472; Salinas v. Wright, 11 Tex. 572. A failure to pay the note upon demand entitled appellee to sue upon it and recover the principal, together with interest at 6 per cent., and the attorney's fees, as provided therein. Appellee's pleadings and evidence are sufficient to sustain the judgment for the attorney's fees.

The judgment is affirmed.