## NORTH TEXAS LOAN &' TRUST CO. v. CITY OF DENISON et al.
### No. 11124.

Court of Civil Appeals of Texas. Dallas.
March 18, 1933.

John T. Suggs, of Denison, and John T. Suggs, Jr., of Dallas, for appellant.

Hamp P. Abney, of Sherman, for appellees.

BOND, Justice.

The city of Denison, in compliance with the terms of chapter 11, title 22, R. C. S. 1911 (article 1006 et seq.) and the charter of said city, determined the necessity for the improvement of North Houston street, and on December 16, 1921, by ordinance and in accordance with its authority, and in furtherance of such improvement, levied a special assessment against certain property situated in said city and abutting on said street, being south 100 feet of lot 1, block 11, original town plat of said city, and against J. F. Johnson, the owner of said property.

In consideration for the paving and otherwise improving of said street and the property abutting thereon, under the terms of a contract between the city and the Kaw Paving Company, and collateral to and cumulative of the obligations initiated by said city, J. F. Johnson and wife, Sarah E. Johnson, on April 3, 1922, executed a mechanic's paving lien contract to the Kaw Paving Company, in which they agreed to' the assessment made by said city against said premises, and authorized the city to issue an assignable certificate to said paving company, in the sum of $557.50, in accordance with the ordinances and contract theretofore made by the governing body of said city. This mechanic's lien contract was, on July 7, 1922, duly recorded in the mechanics' lien records of Grayson county.

In obedience to and in accordance with said ordinances, contract, and mechanic's lien agreement, the Kaw Paving Company paved said street and improved said property, and the governing body of said city accepted said improvement and issued the certificate. The certificate recites that the improvements were completed and accepted May 26, 1922.

At the time of the passage of the initial ordinance creating the assessment against said property, and at the time the mechanic's paving lien was created, the property improved was the homestead of J. F. Johnson and wife, and there existed thereon a prior recorded vendor's lien, executed on September 30, 1920, by J. F. Johnson to Maude T. Burson, to secure a note in the sum of $1,500,

given as part of the purchase money for the property. Said vendor's lien covered not only the lot abutting on said improved street, but, in addition thereto, two adjoining lots, Nos. 2 and 3, in said block. On May 19, 1922, said vendor's lien and note were transferred to R. D. Beirne.

On May 24, 1922, J. F. Johnson and Sarah E. Johnson, in consideration for certain other improvements upon said three lots, executed to Deffebach Lumber Company a mechanic's lien contract and a promissory note in the sum of $914, which lien and note were also transferred to said R. D. Beirne.

On May 3, 1926, J. F. Johnson and Sarah E. Johnson executed to the said R. D. Beirne an extension agreement for the payment of said notes and liens, as follows:

"We, Joseph F. Johnson and wife, Sarah E. Johnson of Denison, Texas, for and in consideration of the extension of the date of maturity given us by R. D. Beirne, the owner and holder of the two promissory notes described as follows: One note for the sum of $1500.00, dated September 30th, 1920, payable to Maude T. Burson or order with interest from date at 8% per annum (interest payable monthly) principal payable in installments of $30.00 per month and secured by vendor's and mortgage liens on the South two-thirds (100 feet) of Lots numbers One, Two and Three, of Block number Eleven of the original town plat of the City of Denison, in Grayson County, Texas. The same being more fully described in a deed from Maude T. Burson to Joseph F. Johnson of same date and recorded in Vol. — on page — of the Deed Records of Grayson County, Texas.

"Also one note for the sum of $914.00 dated May 24, 1922, payable to Deffebach Lumber Company or order with interest from date at the rate of 10% per annum (interest payable monthly) principal payable monthly, including interest at the rate of $30.00 or more, and secured by mechanic's lien contract on the above described property; the same being more fully described in a mechanic's lien contract of same date and recorded in Vol. 10 on pages 39 to 42 of Mechanic's Lien Records of Grayson County, Texas.

"Both of said notes having been duly and legally sold, assigned and transferred to said R. D. Beirne, who is now the legal owner and holder of same.

"Now, therefore, in consideration of the premises, we Joseph F. Johnson and wife, Sarah E. Johnson, do hereby renew and promise to pay said notes and liens in accordance with their tenor and effect less the credits and payments made by us on same. The first note mentioned above is signed by Joseph F. Johnson only; the second note mentioned above ($914.) is signed by both of us, Joseph F. Johnson and Sarah E. Johnson."

Some time prior to the institution of this suit, R. D. Beirne died testate, appointing the North Texas Loan & Trust Company executor and trustee of his estate, and on May 2, 1930, said J. F. Johnson and Sarah E. Johnson executed to said trustee and executor a further extension of said notes and liens, as follows:

"Whereas, R. D. Beirne, deceased, in his life time was the owner by proper transfer of certain indebtedness secured by mechanic's lien contract on the South One Hundred (100) feet of Lots Nos. One, Two and Three, in Block No. Eleven, original town plat, Denison, Grayson County, Texas, said contract being recorded in Vol. 10, page 39, and the further indebtedness secured by valid vendor's and mortgage lien on said real estate, and debtors executed their certain extension agreement to R. D. Beirne, recorded in Vol. 318, page 570, and whereas said debtors now desire a further extension for the time of payment of said indebtedness;

"Now, therefore, we, Joseph F. Johnson and Sarah E. Johnson, do hereby acknowledge and admit that there is now owing and unpaid on said lien secured indebtedness the principal sum of Two Thousand Six Hundred and Thirty-Five and 05/100 ($2,635.05) Dollars and in consideration of the granting of the extension desired we do hereby promise to pay said sum one year from date to the order of North Texas Loan & Trust Co., executor, with interest thereon from the 4th day of March, 1930, at the rate of ten per cent per annum and have this day executed our certain renewal note evidencing the terms of said extension. We further agree that all liens now existing against said real estate and the terms, conditions and provisions of all instruments creating said liens or evidencing the same and existing for the security of the payment of said indebtedness are hereby continued in full force and effect for the security of the payment of said indebtedness extended as above set forth."

The City of Denison, for the use and benefit of the Kaw Paving Company, instituted this suit in a district court of Grayson county on the paving certificate, and for a foreclosure of the paving liens created by and arising out of the said paving ordinances, contract, and mechanic's paving lien executed by the owners against the property covered by said proceedings and instruments.

The North Texas Loan & Trust Company, as executor and trustee, intervening in the suit, denied the validity of the paving lien and its priority over the pre-existing vendor's lien, and the mechanic's lien executed to Deffebach Lumber Company, and sought judgment against the obligors, J. F. Johnson and Sarah E. Johnson, for the value of its notes, interest and attorney's fee, and a foreclosure of its liens on the three lots described in the lien agreements.

J. F. Johnson and Sarah E. Johnson answered, confessing judgment as to the intervener's pleas, and denied the existence of the paving lien on said property.

The case was submitted to the court without a jury, and judgment rendered decreeing the extension agreements invalid, the priority of the paving lien over that of the intervener's vendor and mechanic's liens, and allowing plaintiff, city of Denison, to recover, for the use and benefit of the Kaw Paving Company, the sum of $805.47, the amount of principal and interest due on the certificates, and a foreclosure of its paving lien on the south 100 feet of lot 1 in block 11, O. T. P. addition to said city, and as to the intervener and defendants, J. F. Johnson and Sarah E. Johnson, subordinating their respective rights and claims to that of said city. From the judgment thus rendered, intervener has appealed.

Under assignments of error and appropriate propositions, appellant assails the judgment of the trial court, contending that the instruments dated May 3, 1926, and May 2, 1930, were each valid as extension agreements to pay the debt and liens therein mentioned; that the debt and liens were not barred by the four years' statute of limitation; and that appellee's paving lien was not first and superior to the liens of appellant on the lot described in the paving certificate.

It might be conceded that, according to the tenor of said extension agreements, the amount and date of maturity of the debt are vague, indefinite, and lacking in mutuality, but they describe the original vendor's lien, the mechanic's lien, the maker, payee, amount, terms of payment, and the realty, and identify the transfers to Beirne. They pronounce the intention of the parties thereto to "renew and extend" the pre-existing debt and liens on the property therein described. The recitations therein, "to pay said notes and liens in accordance with their tenor and effect, less the credits and payments made by us on same," are not sufficient to vitiate the instruments as renewals of the debt barred by the four-year period of limitation.

The recorded extension agreements are sufficient as an indicia or key whereby the effect and extent of the covenants therein may be determined. Where no time is specified for the payment of a debt, or the time specified is so indefinite, vague, and uncertain that it cannot be determined, or the time relates back to an impossible date as in this instance, the payment is presumed to be due on demand. Chambers v. Hill, 26 Tex. 472; Crenshaw v. Stallings (Tex. Civ. App.) 222 S. W. 653.

We conclude that the instruments in question were not invalid for the uncertainty of the date of maturity, and/or the amount of the indebtedness, but that they operate as renewals and extensions of the indebtedness and liens. Having that effect, the debt and liens were continued in full force and effect against the south 100 feet of lots Nos. 1, 2, and 3 in said block.

The renewals and extensions, being valid as between the parties, cannot be held ineffective as to appellee, who acquired its rights in the property with notice of the vendor's lien which was outstanding and not barred by the statute of limitation. Appellee was not an innocent lienholder for value, and, as said in the case of Hill State Bank v. Schindler (Tex. Civ. App.) 33 S.W.(2d) 833, 837: "When all of the articles of our statute fixing the period of limitation for the enforcement of liens upon land are considered, it is apparent that the primary if not the sole purpose of these statutes is to protect innocent purchasers or lienholders from prior liens upon the land when the debts such prior liens were given to secure appear to be barred by the recorded liens. * * * "

Thus we conclude that appellant's vendor lien is a prior and superior lien to that of appellees' paving lien upon the property impressed with the lien.

Appellant further contends that it has a prior lien to that of appellees' paving lien, based upon the mechanic's lien contract, executed by the Johnsons to Deffebach Lumber Company. To this contention we cannot agree. The city entered into a program for the improvement of said street, made the contract with the paving company for the improvements, and passed the necessary ordinances to carry such improvements into effect, lacking only the necessary step to impress the paving lien on the Johnson homestead. This step, however, was supplied by the owner of the homestead in executing a mechanic's contract; an integral part of the legal lien thus created. This contract was collateral to and cumulative of all the proceedings with reference to making said improvements. The acts of the city were the initial steps toward the creation of the lien, and the mechanic's contract vitalized the acts and created the lien, conditioned only by the completion of the improvements. The mechanic's contract alone was not sufficient to impress the lien on the homestead, nor were the ordinances and contract of the city. The lien could only be created by a combination of events; the ordinances of the city, the mechanic's contract, and the completion of the improvements. The subsequent lienholder, having knowledge of the existence of the ordinances and the contract for the improvement, is in no position to claim a prior lien. There is no contention that appellant is an innocent lienholder, or that the Deffebach Lumber Company was such. The only contention being that the lumberman's mechanic lien agreement was recorded on May 24, 1922, while the homestead owner's prior agreement was not recorded until the following July 7th.

The registration statutes (Vernon's Ann. Civ. St. art. 6624 et seq.), requiring recordation of instruments affecting land are primarily to protect innocent purchasers or lienholders, to give notice to those dealing with the land of the rights of others, and prevent wrongs and injustice being done. They are not instruments of wrong to enable one to obtain a right in land which he knew belonged to another, merely because the owner failed to place the evidence of his right upon record. Appellant and its predecessor in title, the Deffebach Lumber Company, knew of the ordinances of the city and the contract with the Kaw Paving Company, and they evidently knew that the pavement was in place when they acquired the lien. The certificate in evidence, which we must give the utmost verity, states that on May 26, 1922, the pavement was completed and accepted, two days immediately preceding the date of appellant's contract. We conclude that appellant's mechanic lien is secondary and inferior to that of appellees' paving lien on south 100 feet of lot No. 1 in said block.

The case being fully developed, the judgment of the court below should be reformed, and, in consequence thereof, appellant's vendor lien, to secure the sum of $986.75, is the first lien, and its mechanic's lien to secure the sum of $1,604.98 is the second lien against south 100 feet of lots Nos. 2 and 3 in block No. 11, O. T. P. addition to the city of Denison; the said vendor's lien is a first and superior lien to appellees' paving lien against south 100 feet of lot No. 1 in said block, and the said mechanic's lien is secondary and inferior to the paving lien against said lot No. 1. The orders of sale shall direct that lots Nos. 2 and 3 be first sold and the proceeds of sale be applied first to appellant's vendor liens, and any balance remaining be applied to appellant's mechanic lien, and afterwards lot No. 1 be sold and proceeds of the sale be applied first on any balance unpaid on said vendor's lien, second to the said paving lien, and third to said mechanic's lien.

From what we have said, the judgment is reformed, and, as reformed, the case is affirmed. Cost of appeal taxed against appellees.

Reformed and affirmed.