## LEVY PLUMBING CO., Inc., v. HEATING & PLUMBING FINANCE CORPORATION.

### No. 11361.

Court of Civil Appeals of Texas. Dallas. Dec. 2, 1933.

John C. Read and Earl A. Forsythe, both of Dallas, for plaintiff in error.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for defendant in error.

LOONEY, Justice.

The Heating & Plumbing Finance Corporation sued W. W. George as maker and Levy Plumbing Company, Inc. (the original payee), as indorser, to recover balance due upon a negotiable promissory note. George filed a formal answer, but the Levy Company failing to answer, judgment by default was rendered against it, from which the company appealed by writ of error, and contends that the default judgment was unauthorized, because its liability as indorser was not shown, in that plaintiff's petition failed to allege that notice of the dishonor of the note, for failure of the maker to pay, was given, or that same was waived, dispensed with, excused, or not required under the facts of the case.

Article 5938, § 89, of the Negotiable Instruments Act, provides that, where a negotiable instrument is dishonored for nonpayment, notice thereof must be given an indorser, otherwise he is discharged from liability; the further provision is made, in sections 109, 110, of said article, that notice of dishonor may be waived; and, in section 112, that notice may be dispensed with; and, in section 113, that the failure to give notice is excused, under the circumstances named; and, in section 115, that such notice is not required in the instances mentioned.

The decisions are in accord, on the doctrine that a petition that fails to allege the giving of notice to an indorser or that same was waived, dispensed with, excused, or was not required under the circumstances, is fundamentally defective and will not support a judgment by default. See First State Bank v. Ovalo, etc., Ass'n (Tex. Civ. App.) 276 S. W. 773, 775; Wardlaw v. Farmers' etc., Co. (Tex. Civ. App.) 34 S.W.(2d) 419, 420; First National Bank v. Lee County, etc., Co. (Tex. Com. App.) 274 S. W. 127; Cities Service v. First National Bank (Tex. Civ. App.) 48 S. W.(2d) 348.

Tested by these rules, does the petition under consideration allege a cause of action against the Levy Company? After the usual and customary allegations, in an action on a promissory note, as to its execution, indorsement maturity, and that same was placed in the hands of attorneys for collection, the following allegations, bearing upon the matter under consideration, were made: "That said attorneys then made demand on said maker and said payee (Levy Company) on numerous occasions and has received the following payments (certain credits are here set out * * *). By reason of the premises, said maker and said payee became liable and bound to pay plaintiff the sum of money mentioned in said note, less credits; and though often requested to do so, the maker and payee, and each of them, have failed and refused to this date to pay said sum, or any part thereof, to plaintiff's damage in the sum of $1,706.60," concluding with the usual prayer for judgment.

These allegations, in our opinion, fail to show notice of dishonor to the indorser, nor is it alleged that notice was either waived, dispensed with, excused, or not required under the facts of the case. General allegations of a similar nature have been held insufficient to show notice or that an exception existed. See First National Bank v. Lee County, etc., Co. (Tex. Com. App.) 274 S. W. 127; Cities Service Oil Co. v. First National Bank (Tex. Civ. App.) 48 S.W.(2d) 348, 351. The defective petition presents fundamental error that may be raised for the first time on appeal. See American, etc., Co. v. Cone (Tex. Civ. App.) 257 S. W. 961; Hughes Springs, etc., Co. v. Glover (Tex. Civ. App.) 254 S. W. 224; Davis v. Baker (Tex. Civ. App.) 268 S. W. 766; Automobile, etc., Co. v. Bryan (Tex. Civ. App.) 3 S.W.(2d) 835, 839; Griffith v. Gohlman (Tex. Civ. App.) 253 S. W. 591.

As plaintiff's petition is insufficient to support a judgment by default, the cause will be reversed; but as the statement of facts contains evidence clearly indicating that the Levy Company executed a written waiver of notice of dishonor, the case will be remanded. If the Levy Company had answered and urged a general demurrer to the petition, the same would doubtless have been sustained; but in such event, plaintiff could have amended and set up waiver as a matter of right; hence to render judgment under the circumstances would deprive plaintiff of the right of amendment, which we do not think justified under the circumstances; therefore, the case will be remanded for further proceeding. The following decisions sustain this view: Kampmann v. Williams, 70 Tex. 570, 572, 8 S. W. 310; Mullaly v. Ivory (Tex. Civ. App.) 30 S. W. 259, 260; Gerhart v. Harris County (Tex. Civ. App.) 244 S. W. 1103, 1106; First State Bank v. Ovalo, etc., Ass'n (Tex. Civ. App.) 276 S. W. 773, 775.

In Mullaly v. Ivory, supra, the court used

458

the following language, in point: "Appellant insists that we should have rendered judgment in his favor, instead of remanding the cause to afford plaintiff opportunity to amend. This is not a case in which the party is or is not entitled to a judgment upon the evidence. The petition was not sufficient to authorize judgment against appellant, and the proper judgment upon the petition, if a demurrer had been made, would have been to dismiss the action, so far as appellant was concerned; not a judgment in his favor as to the note sued on, and it would be improper for the court to render such a judgment. In the case of Elliott v. Wiggins, 16 Tex. 597, the supreme court in a similar case reversed and remanded the case, as we understand the report of the case. The same was done in Kampmann v. Williams, 70 Tex. 571, 8 S. W. 310."

For these reasons, the judgment below is reversed, and the cause remanded.

Reversed and remanded.