## PANHANDLE CONST. CO. v. GILLIAM et al.
### No. 3881.

Court of Civil Appeals of Texas. Amarillo.
June 10, 1935.

Rehearing Denied July 1, 1935.

Robt. A. Sowder, of Lubbock, for plaintiff in error.

Hamilton, Fitzgerald & Grundy, of Memphis, for defendants in error.

JACKSON, Justice.

February 27, 1920, T. B. Norwood and his wife, Sada Norwood, by their proper deed conveyed to C. O. Moore a lot in the city of Memphis, which is fully described in the deed, for a consideration, among other things, of four vendor's lien notes, each in the sum of $450 and due February 25, 1921, 1922, 1923, and 1924, respectively.

September 28, 1920, W. C. Gilliam acquired said lot by deed from the owner, and as a part of the consideration therefor assumed and promised to pay said above described four notes.

March 16, 1926, T. B. Norwood and W. C. Gilliam entered into a written contract which states T. B. Norwood is the owner of certain vendor's lien notes given to him by C. O. Moore described in a warranty deed dated the 27th of February, 1920, recorded in the Deed Records of Hall County, describes the lot here involved, acknowledges the payment of the first of said notes, and contains, omitting immaterial language, this provision: "The other three notes in said series are hereby extended for four years, and whereas there is still due and remaining unpaid of said indebtedness the sum of Thirteen Hundred Seventy-three and 50/100 Dollars, and for mutual benefit the parties hereto * * * have agreed to an extension of the time for the payment of the unpaid portion of said indebtedness to mature * * * $30.00 on or before the first of each and every month thereafter, with interest on same, for forty five months and the forty six month $23.50."

The instrument contains an accelerating clause, a promise to pay at the expiration of the extended time, and retains to the owner all the rights he had by virtue of the original transaction except that the due date of the notes is extended. This contract was filed for record with the county clerk of Hall county on March 23, 1926.

On May 21, 1926, W. C. Gilliam and his wife, Lalla Gilliam, executed and delivered to the Panhandle Construction Company, a corporation, a mechanic's lien covering said lot to secure the sum of $335.20 payable in ten equal installments, the pro rata part of the cost of paving the seventy-five feet of Tenth street adjacent to said lot.

The plaintiff, Panhandle Construction Company, instituted this suit against the defendants, W. C. Gilliam and wife and T. B. Norwood, to recover the unpaid balance evidenced by its mechanic's lien, $234.64, and an attorney's fee of $150 against W. C. Gilliam, and to foreclose said lien against all of the defendants. The plaintiff alleged that the debt and lien claimed by T. B. Norwood was barred by the four-year statute of

limitation (Vernon's Ann. Civ. St. art. 5527).

T. B. Norwood, alleging the extension agreement, the validity and superiority of his lien, asked for judgment against W. C. Gilliam for his debt and a foreclosure of his lien on said lot against the plaintiff and his codefendants.

On a trial before the court, without the intervention of a jury, T. B. Norwood recovered against W. C. Gilliam the sum of $1,276.60; the Panhandle Construction Company recovered against W. C. Gilliam the sum of $444.36. The lien of T. B. Norwood was adjudged to be a first and superior lien to the lien of the Panhandle Construction Company. Both liens were foreclosed, the property ordered to be sold, with the direction that the proceeds of the sale be applied first to the payment of T. B. Norwood, second to the payment of the Panhandle Construction Company, and any excess to be paid to W. C. Gilliam, from which judgment the Panhandle Construction Company, by writ of error, prosecutes this appeal.

It is admitted that the lot involved constituted the homestead of W. C. Gilliam and wife, who, after the extension agreement was executed, made numerous installment payments to be credited on said notes.

Appellant contends that the extension contract failed to set out therein the maturity date of the debt with sufficient certainty to interrupt the running of the four-year statute of limitation against the notes. A reading of the extension agreement in our opinion discloses that this contention is untenable. North Texas Loan & Trust Co. v. City of Denison et al. (Tex. Civ. App.) 58 S.W. (2d) 858; 10 Tex. Jur. p. 176, § 102.

The appellant urges as error the action of the trial court in permitting T. B. Norwood to recover a judgment including attorney's fees since neither the conveyance to Moore by T. B. Norwood nor the extension agreement between W. C. Gilliam and T. B. Norwood made any provision for the payment of attorney's fees. This assignment is overruled because the judgment limits the recovery of T. B. Norwood to the "sum of Twelve Hundred Seventy Six and 60/100 ($1276.60) Dollars, being the principal and interest maturing on said indebtedness since June 27, 1927, less all payments made thereon."

The judgment is affirmed.