# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00429-CV

**James T. Jackson, Sr., Appellant**

**v.**

**Thomas W. Carlson, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-08-001859, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment in a breach of contract case. Appellee
Thomas W. Carlson sued appellant James T. Jackson for failure to repay a $5,000 loan and was
granted summary judgment. Jackson appeals, arguing that there is a genuine issue of material fact
as to whether an enforceable contract existed. Because we hold that Carlson is entitled to judgment
as a matter of law, we affirm the order of the trial court granting summary judgment.

## BACKGROUND

On November 2, 2004, Carlson wrote Jackson a check for $5,000. Jackson deposited
the check, and it cleared Carlson's bank on November 3, 2004. In February 2008, Carlson filed suit
for breach of contract, alleging that the check had been a loan, that Carlson had demanded that
Jackson pay the $5,000 due under the loan, and that Jackson had refused to repay the loan. In
support of the allegations, Carlson attached a copy of the cancelled check, which contained the

notation "loan" in the memo section of the check. In April 2008, Carlson moved for summary judgment. Carlson attached an affidavit averring that Jackson had requested the $5,000 loan and agreed to repay that amount, and that Carlson had written the word "loan" on the front of the check to indicate that agreement.

In response to the motion for summary judgment, Jackson argued that a genuine issue of material fact existed as to whether the $5,000 check was indeed a loan. Jackson's response noted that there was no promissory note or other loan documentation and argued that the $5,000 was used to maintain Jackson's ranch, on which Jackson and Carlson's mutual grandsons hunted, and thus the payment was made for the mutual benefit of both Jackson and Carlson. Jackson also filed an affidavit in which he stated, "I do not recall the check having the word 'loan' in the memo section when I received it."

On June 25, 2008, the trial court granted Carlson's motion for summary judgment, finding that "there is no genuine issue of material fact as to Plaintiff's claim for breach of contract and Plaintiff is entitled to summary judgment thereon." The trial court further found that Jackson had not pled any counter claim or affirmative defense that would preclude summary judgment.

Jackson now appeals, arguing that there is a genuine issue of material fact as to whether the $5,000 check was in fact a loan pursuant to an enforceable contract.

## STANDARD OF REVIEW

Because the propriety of summary judgment is a matter of law, we review the trial court's decision de novo. *Valance Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion for summary judgment, the movant has the burden of showing that no genuine

issue of material fact exists as to any element of the cause of action and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a; *TX Far W., Ltd. v. Texas Invs. Mgmt.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)). If the movant's motion and summary-judgment proof facially establish the right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *TX Far W.*,127 S.W.3d at 301 (citing *Nixon*, 690 S.W.2d at 548-49).

## DISCUSSION

Jackson argues that Carlson did not meet the initial burden to prove all of the elements of breach of contract. To be entitled to summary judgment on the breach of contract claim, Carlson must prove: (1) there was a valid, enforceable contract; (2) Carlson has standing to sue; (3) Carlson performed his contractual obligations; (4) Jackson breached the contract; and (5) Jackson's breach caused Carlson injury. *See Winchek v. American Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g); *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.). Jackson argues that Carlson's evidence did not establish the first required element—the existence of a valid, enforceable contract. Jackson further argues that, even if Carlson

3

did meet the initial burden, Jackson's affidavit raises a genuine issue of material fact as to whether there was an enforceable contract.

Carlson's evidence in support of his motion for summary judgment consisted of his affidavit testimony and the copy of the cancelled check. In the affidavit, Carlson averred:

> James T. Jackson, Sr. asked me for a loan of $5,000.00 in November 2004. I agreed to loan him the money and wrote a check made payable to him in the amount of $5,000.00 on November 2, 2004. At the time I wrote the check, I wrote the word "loan" on the front of the check to indicate our agreement that he would repay the money.
>
> My bank account was debited $5,000.00 on November 3, 2004. I later received a copy of the cancelled check from my bank . . . .
>
> Despite demand by me to Defendant, through his attorney, Defendant refused and continues to refuse to make payments on all amounts due on the loan and has left a balance of $5,000.00.

Jackson argues that Carlson's evidence is insufficient because it fails to establish the material terms of the contract. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) ("The material terms of the contract must be agreed upon before a court can enforce the contract."). In a loan contract, the material terms are generally the amount to be loaned, the date the loan matures, the interest rate, and the repayment terms. *Id.* Jackson contends that Carlson introduced evidence of only one material element of a contract to loan money—the amount to be loaned.

Jackson maintains that Carlson failed to produce any evidence of the maturity date of the loan, the repayment terms of the loan, and the interest rate. We disagree. Carlson's affidavit avers that the balance of the loan was due and payable, and this fact is enough to establish that the loan had matured. A loan contract need not include a specific due date to be enforceable; an

4

agreement that the loan will be repaid "on demand" is sufficiently definite to be enforceable by a court. *See, e.g.*, *Dorsett v. Cross*, 106 S.W.3d 213, 215 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (enforcing note due on demand); *see also Salinas v. Wright*, 11 Tex. 572, 575 (1854) (enforcing note payable "so soon as circumstances will permit me"). If no due date is specified in a written promissory note, payment is due on demand and demand may be made within a reasonable time. *See* Tex. Bus. & Com. Code Ann. § 3.108 (West 2002) (where no due date specified on negotiable instrument it is due on demand); *Gabriel v. Alhabbal*, 618 S.W.2d 894, 897 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) (demand must be made within reasonable time); *Crenshaw v. Stallings*, 222 S.W. 653, 654 (Tex. Civ. App.—Amarillo 1920, writ dism'd w.o.j.) (stating the general rule that "a promissory note, in which no time is specified for payment, is due upon demand"). Furthermore, courts regularly enforce contracts where no time for performance is specified by implying a reasonable time requirement. *See Hewlett-Packard Co. v. Benchmark Elecs., Inc.*, 142 S.W.3d 554, 563 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding that where no payment due date was specified in sales contract, payment was due within reasonable time); *HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 634 (Tex. App.—Austin 1992, writ denied) (when no specific time for performance is stated in contract, law will imply reasonable time); *see also Snyder v. Eanes Indep. Sch. Dist.*, 860 S.W.2d 692, 697 (Tex. App.—Austin 1993, writ denied) ("It is conclusively presumed that the parties to a contract knew the law and contracted with reference to it."). We see no reason to require oral contracts to be more specific than written ones. Therefore, we hold that Carlson's affidavit evidence was sufficient to prove a loan due on demand.

Because the repayment was due on demand, the question becomes whether Carlson's demand was made at a reasonable time. Carlson filed suit for Jackson's failure to repay the loan on demand three years and three months after the loan was issued. Given the small size of the loan and the lack of interest charges, three years and three months is a more than reasonable amount of time to wait to demand payment.[1] Furthermore, the statute of limitations for recovery on a loan contract is four years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3) (West 2002). "[I]n the absence of mitigating circumstances, a time coincident with the running of the Statute will be deemed reasonable, and if the demand is not made within that period the action will be barred." *Gabriel*, 618 S.W.2d at 897. Therefore, we hold that the $5,000 was due on demand and that Carlson presented his demand within a reasonable time.[2]

Jackson correctly points out that Carlson did not introduce any evidence of an applicable interest rate. However, this deficiency is not determinative because Carlson is not asking for $5,000 plus interest. While it is true that the interest rate "will generally be" a material term, "[e]ach contract should be considered separately to determine its material terms." *T.O. Stanley Boot*,

---

[1] We note that Jackson does not allege in his answer, in his summary-judgment response, in his affidavit, or in his brief to this Court that payment was not yet due or that Carlson's demand was made at an unreasonable time.

[2] In a related issue, Jackson asserts that if payments are due more than a year after the loan was made, then the contract violates the statute of frauds, which requires any agreement that takes more than a year to perform to be in writing. *See* Tex. Bus. & Com. Code Ann. § 26.01 (West Supp. 2008), § 26.02 (West 2002). However, full performance by one party to an oral contract removes the contract from the statute of frauds. *See Estate of Kaiser v. Gifford*, 692 S.W.2d 525, 526-27 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Carlson fully performed his duties under the contract by tendering the loan to Jackson. *See id.* Therefore, the statute of frauds does not bar enforcement of the contract.

6

847 S.W.2d at 221. Because Carlson does not seek to recover any interest, we hold that interest is not a material term of the contract as alleged by Carlson.

Because Carlson presented sufficient evidence with his motion for summary judgment to establish that he is entitled to judgment as matter of law, the burden shifts to Jackson to present evidence sufficient to raise a genuine issue of material fact. *Centeq Realty*, 899 S.W.2d at 197; *Holmstrom*, 26 S.W.3d at 530. Jackson's only evidence was his affidavit. Affidavits supporting or opposing a motion for summary judgment must be made on personal knowledge and set forth facts that would be admissible in evidence. *See* Tex. R. Civ. P. 166a(f). The question before us is whether Jackson's affidavit raises an issue of material fact as to whether the $5,000 check was a loan which Jackson was obligated to repay.

In his affidavit, Jackson averred:

> The $5,000 check referenced in Plaintiff's lawsuit was paid to support the Ranch where my grandsons have hunted. Plaintiff is also the grandfather of my grandsons. I have spent well over $5,000 retaining the Ranch, its upkeep and expenses for my grandsons to hunt there.
>
> I do not recall the check having the word "loan" in the memo section when I received it. Even if the check was a loan, it has been more than repaid in all of the expenses I have incurred and paid for our grandsons to use the Ranch. It was always my understanding the payment was made to benefit our grandsons using and hunting on the Ranch.

Taking as true all the statements in Jackson's affidavit, the affidavit does not raise a genuine issue of material fact.

While Jackson's response to the motion for summary judgment argues that the check was a gift, not a loan, his only evidence—his affidavit—does not directly dispute any of the key facts

7

contained in Carlson's affidavit. Jackson does not dispute that he asked Carlson for a loan, that he agreed to repay the amount of the loan, that he cashed the check, or that he refused to repay the loan on demand. In short, Jackson produced no evidence in support of his claim that the check was not a loan. *See American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) ("A mere pleading or a response to the summary-judgment motion does not satisfy this burden of coming forward with sufficient evidence to prevent summary judgment."); *Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex. App.—Houston [14th Dist.] 1988, no writ) (pleadings and responses are not summary-judgment evidence). When the moving party establishes facts entitling it to prevail, we will not deny a motion for summary judgment because the opposing party merely alleged matters which might require a different judgment be rendered but has produced no such evidence. *American Petrofina*, 887 S.W.2d at 830; *Clear Creek*, 589 S.W.2d at 678.

The facts presented in Jackson's affidavit are not inconsistent with the facts as presented in Carlson's affidavit. The fact that Jackson does not "recall" the word "loan" being written in the memo section does not contradict Carlson's assertion that the word loan was indeed written on the check when Jackson received it. It could be true that the check was a loan and simultaneously true that the loan "was made to benefit [their] grandsons using and hunting on the ranch." The fact that Jackson has "spent well over $5,000 retaining the Ranch, its upkeep and expenses for [their mutual] grandsons to hunt there" does not, without more, negate Jackson's duty to repay the $5,000 loan. Jackson's assertion that he "repaid" the loan through these expenditures and thereby satisfied his obligations should have been raised through an affirmative defense of payment or accord and satisfaction. *See* Tex. R. Civ. P. 94 (requiring defendant to affirmatively

8

plead payment and accord and satisfaction); *Advantage Group Inv., Inc. v. Pacific Sw. Bank, F.S.B.*, 972 S.W.2d 866, 869 (Tex. App.—Corpus Christi 1998, pet. denied) (payment and accord and satisfaction are affirmative defenses); *see also Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1979) (defendant has burden to prove accord and satisfaction defense, which "rests upon a new contract, express or implied, in which the parties agree to the discharge of an existing obligation in a manner otherwise than originally agreed"); *Hunt, Hopkins & Mitchell, Inc. v. Facility Ins. Corp.*, 78 S.W.3d 564, 568 (Tex. App.—Austin 2002, pet. denied) (defendant must prove accord and satisfaction). Affirmative defenses must be pleaded with the trial court to preserve the issue for appeal. *Advantage Group*, 972 S.W.2d at 869. Because Jackson did not plead this defense below, it is waived. *See id.*

Because we hold that Carlson presented evidence sufficient to establish his right to judgment as a matter of law and that Jackson then failed to present evidence sufficient to raise a material issue of fact, we affirm the order of the trial court granting summary judgment.[3]

---

[3] Carlson requests that we remand the case to the trial court for the award of appellate attorney's fees. The prevailing party in a breach of contract case is entitled to recover reasonable attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001-.002 (West 2008); *see also Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Carlson requested attorney's fees below and claims that the trial court awarded them. The final judgment of the court provided in the clerk's record, however, does not reflect that the trial judge awarded any attorney's fees. In either case, Carlson did not file a notice of appeal on the issue of trial or appellate attorney's fees; therefore, we must deny his request. *See* Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable court order must file a notice of appeal."); *Pettus v. Pettus*, 237 S.W.3d 405, 422 (Tex. App.—Fort Worth 2007, pet. denied) ("Texas appellate courts have uniformly declined to afford relief to parties who have not filed a notice of appeal and make no showing of just cause."); *Varo, Inc. v. Kross*, 511 S.W.2d 719, 724 (Tex. App.—Eastland 1974, writ ref'd n.r.e.) (appellate court cannot consider whether trial court erred in not awarding attorney's fees where issue not raised before trial court and no notice of appeal was filed).

## CONCLUSION

Because we hold that Carlson was entitled to judgment as a matter of law, we affirm

the order of the trial court granting summary judgment.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   March 12, 2009